COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
BETTY SUE BASHAM, INDIVIDUALLY      )
AND ON BEHALF OF ALL OTHER                )
SIMILARLY SITUATED HANDS-FREE         ) 
TWO-WAY RADIO PURCHASERS SOLD )
BY AUDIOVOX CORPORATION,                   )                  No. 08-05-00052-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                 County Court at Law No. 5
)
AUDIOVOX CORPORATION,                         )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2001-1379)


O P I N I O N

            Betty Sue Basham appeals the trial court’s dismissal of her breach of warranty claim for lack
of standing and its failure to certify a class action. Because we agree that Basham lacked standing,
we affirm the judgment of the trial court. 
FACTUAL SUMMARY
            On December 20, 2000, Betty Basham purchased four Audiovox two-way radios (walkie-talkies) as a Christmas present for her son who had planned a ski trip with his family. Basham
purchased these particular radios because they contained a VOX feature which was voice activated,
enabling the user to operate them hands-free. The owner’s manual provided these instructions: 
 

VOX Function
This feature enables you to have hands-free conversation. When using the external
microphone or headset, your voice signal is detected and is automatically transmitted
by the radio. The reply audio is received by the radio and is transmitted to the
headset. To access VOX function, press Function (F) button repeatedly until VOX
icon [icon] flashes. Press the function button again and select one of three (L1, L2,
L3) VOX sensitivity levels using the UP [icon] or Down [icon] buttons. L1 setting
is most sensitive and L3 is least sensitive. Select L1 when in a quiet environment
and L3 for a noisy environment. 

            One week after Christmas, Basham and her son, Joe Yearwood, tested the walkie-talkies in
his office. The radios worked when the talk button was depressed. Yearwood did not try to use the
VOX function because he assumed he needed headsets which were not included in the packaging. 
When Yearwood contacted Audiovox about purchasing headsets, a company representative told him
that headsets were unavailable and that he would have to purchase a different model.


 Yearwood
then returned the radios to his mother. 
            But Basham decided not to return the walkie-talkies for a refund.


 Instead, she filed a class
action lawsuit because Audiovox was selling items that did not perform as warranted. She alleged
Audiovox had breached both an express and implied warranty, had violated the Texas Deceptive
Trade Practices Act, and had violated the federal Magnuson-Moss Warranty Act. She also filed a
motion for class certification involving complainants from sixteen other states. Prior to the class
certification hearing, Basham dismissed all claims except the breach of express warranty under
Magnuson-Moss. 
            The trial court denied class certification concluding that Basham lacked standing, that
common issues did not predominate over questions affecting only individual members, and that the
class action was not a superior method for fair and efficient adjudication of the controversy because
Basham had a “simple, obvious and complete remedy available to her.” Basham brings seven issues
for review. Because the first is dispositive, we need not address the remainder. For the reasons that
follow, Basham lacked standing to bring her claim.
THE REPRESENTATIONS
            Basham purchased the radios from Best Buy and, as we have mentioned, she did not return
them. The store’s refund policy was clearly printed on the receipt--Best Buy would issue a full
refund of the purchase price if the product were returned within 30 days of purchase together will
all accessories and packaging. This policy was fully supported by a vendor agreement between the
store and Audiovox which gave the store the right to return defective products at Audiovox’s
expense. Best Buy would receive full credit equal to the purchase price of the merchandise. 
            According to Basham, Audiovox provided two warranties. First, Audiovox expressly
warranted that the radios would work hands-free but they did not. Secondly, it provided a 90-day
limited warranty:
            AUDIOVOX CORPORATION (the Company) warrants to the original retail
purchaser of this product that should this product or any part thereof, under normal
use and conditions, be proven defective in material or workmanship within 90 days
from the date of original purchase, such defect(s) will be repaired or replaced with
new or reconditioned product (at the Company’s option) without charge for parts and
repair labor. 

The company’s liability was expressly limited to the repair or replacement of the product and in no
event would liability exceed the purchase price. Basham paid $108.23 for the radios. 
 

STANDING
            The requirement of standing is implicit in the open courts provision of the Texas Constitution
and contemplates access to the courts only for those litigants suffering an injury. M.D. Anderson
Cancer Center v. Novak, 52 S.W.3d 704, 708 (Tex. 2001). This is true regardless of whether a
plaintiff brings an individual suit or a class action. Id. at 710. Whether the named plaintiff is a
proper class representative is not part of the standing inquiry. Id. A named plaintiff must first satisfy
the threshold requirement of individual standing at the time suit is filed, without regard to the class
claims. Id. In other words, a plaintiff who lacks individual standing when suit is filed cannot
maintain a class action. Id., citing O’Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d
674 (1974). Consequently, standing requires a showing of damages. “[E]ven named plaintiffs who
represent a class ‘must allege and show that they personally have been injured, not that injury has
been suffered by other, unidentified members of the class to which they belong and which they
purport to represent.’” Novak, 52 S.W.3d at 708, citing Simon v. E. Ky. Welfare Rights Org., 426
U.S. 26, 40 n.20, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976), quoting Warth v. Seldin, 422 U.S. 490, 502,
95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).
Standard of Review
            Standing is a purely legal question that we review de novo. Id. at 708 (standing is
prerequisite to subject matter jurisdiction); Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928
(Tex. 1998)(subject matter jurisdiction is a question of law reviewed de novo). Whether a party has
standing is predicated upon either statutory or common law authority. William v. Lara, 52 S.W.3d
171, 178 (Tex. 2000). Here, Basham asserted a cause of action based on the Magnuson-Moss
Warranty Act. Under the Act, a consumer has standing to assert a claim for breach of express
warranty if she is: 
[D]amaged by the failure of a supplier, warrantor, or service contractor to comply
with any obligation under this chapter, or under a written warranty, implied warranty,
or service contract . . . .
  
15 U.S.C. § 2310 (d)(1). The consumer must also give the warrantor a reasonable opportunity to
cure noncompliance:
No action . . . may be brought under subsection (d) of this section for failure to
comply with any . . . written or implied warranty . . . unless the person obligated
under the warranty . . . is afforded a reasonable opportunity to cure such failure to
comply. 
15 U.S.C. § 2310(e). The parties do not dispute Basham is a consumer for purposes of the Act. 
They do dispute whether Basham suffered damages.
Damages
            Basham contends she suffered damages because she received defective radios worth less than
what she paid for them. She claims this fact alone confers standing under the Act. In support of her
argument, she relies upon Microsoft Corporation v. Manning, 914 S.W.2d 602 (Tex.App.--Texarkana 1995, pet dism’d). There, the plaintiffs alleged breaches of express and implied
warranties, unjust enrichment, violations of the Magnuson-Moss Warranty Act, and violations of the
Washington State Consumer Protection Act. Id. at 605. These claims were based upon a defect in
software that caused some users to lose data. Id. at 606. Microsoft offered upgraded software which
would correct the problem, but users were required to purchase the upgrade for roughly $10. Id. at
606. The court concluded that the plaintiffs never received what they bargained for because the
software would not work as warranted, and even if some users never lost data, they nevertheless
suffered damages. Id. at 609. Basham contends this case is applicable because she and other
members of the class suffered damages when the walkie-talkies did not operate hands-free. 
            She also directs us to In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation,
155 F.Supp.2d 1069, 1103 (S.D.Ind. 2001). There, the plaintiffs claimed damages resulting from
the purchase of defective tires. Id. at 1101-02. Pertinent to our analysis, the court held: 
[T]he Act was created, at least in large part, to provide a federal cause of action for
consumers saddled with defective products who otherwise would not have suffered
sufficient monetary damage to justify bringing a lawsuit, and therefore may not have
had a remedy when their warrantor refused to honor the warranty by repairing or
replacing the product or refunding the purchase price. 

Id. at 1103. In emphasizing the first clause, Basham frames the issue thusly: Can a company lie
about its product, offer a refund when caught, and avoid liability? Audiovox emphasizes the latter
clause: The Act was created to provide a remedy when the company refuses to honor a warranty by
repairing or replacing the product or by refunding the purchase price. We agree with Audiovox and
conclude that both Manning and Bridgestone support our conclusion. Microsoft offered its
consumers a software upgrade to fix the glitch, but the consumer had to pay for it. Bridgestone
didn’t offer a remedy at all.
            Here, both Audiovox and Best Buy guaranteed a refund, but Basham did not avail herself of
the remedy that would have fully compensated her. Audiovox did not fail to honor its 90-day
warranty--it was never asked to do so. A “demand” was sent the same day the class action was filed,
107 days after purchase:
[D]emand is hereby made on behalf of Ms. Basham and each member of the class to
cure the failure of the FR-530 and the entire 500 Series line of two way radios to
comply with their written and implied warranties of ‘hands free’ capability. In fact
this notice is unnecessary because Audiovox knew of the defect at the time of the
sales . . . .
 
Basham had to establish that she was damaged by Audiovox’s failure to comply with its warranty. 
The warranty specified repair, replacement or refund and capped the damages at the purchase price
paid. Because she cannot demonstrate she was damaged, Basham does not have standing to assert
a claim for breach of express warranty under the Act. We find no abuse of discretion in the trial
court’s dismissal of the suit. Novak, 52 S.W.3d at 711 (if the named plaintiff lacks individual
standing, the court should dismiss the entire suit for want of jurisdiction). We overrule the
dispositive issue and affirm the judgment of the trial court.


January 31, 2006                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 5
Barajas, C.J., McClure, and Ables, JJ.
(Ables, J., sitting by assignment)