NUMBER 13-06-549-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


SHIRLEY J. NEELEY, 

COMMISSIONER OF EDUCATION, Appellant,




v.
 


TEXAS STATE TEACHERS ASSOCIATION

AND MARIA GUADALUPE RAMOS, Appellees.

 

On appeal from the 200th District Court 

of Travis County, Texas.


 



CONCURRING MEMORANDUM OPINION



Before Justices Garza, Benavides and Vela


Concurring Memorandum Opinion by Justice Vela



 

 I agree with the majority's holding that the Texas State Teachers' Association
does not have standing to sue the Commissioner of Education, but I believe that this
Court does not have jurisdiction to decide whether TSTA's claims for declaratory and
injunctive relief are ripe for review.

 Standing is a prerequisite to subject-matter jurisdiction, and subject-matter
jurisdiction is essential to a court's power to decide a case. M.D. Anderson Cancer
Ctr. v. Novak, 52 S.W.3d 704, 708 (Tex. 2001); Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 553-54 (Tex. 2000). Standing focuses on the question of who may
bring a lawsuit. Novak, 52 S.W.3d at 708; Patterson v. Planned Parenthood, 971
S.W.2d 439, 442 (Tex. 1998). Ripeness, on the other hand, focuses on when a party
may bring the lawsuit. Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 851 (Tex.
2000).

 Our supreme court has stated that an opinion issued in a case brought by a party
without standing is advisory and that Texas courts have no jurisdiction to render
advisory opinions. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444
(Tex. 1993). In the case before us, the standing issue is dispositive; therefore, the
majority should not have reached the ripeness issue. Courts are not authorized to
render advisory opinions on issues not necessary to a disposition of an appeal. See
Tex. R. App. P. 47.1; McAllen Med. Ctr., Inc. v. Cortez, 66 S.W.3d 227, 232 (Tex.
2001) (holding courts have no jurisdiction to issue advisory opinions); Valley Baptist
Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000) (same); Tex. Ass'n of Bus.,
852 S.W.2d at 444 (same). Accordingly, I concur.

 

 

 

 

 ROSE VELA

 Justice


Concurring Memorandum Opinion delivered and 

filed this 16th day of August, 2007.