

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-07-421-CV

TUSCANY REALTY, LTD.                                        APPELLANT

V.

TUSCANY GARDENS, L.P.                                    APPELLEE

------------

## FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

This is an appeal from a judgment allocating proceeds from the sale of a limited partnership. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Background Facts

Appellee Tuscany Gardens, L.P. ("Tuscany Partnership") was formed to develop an apartment complex in Lewisville ("the Property"). The Tuscany Partnership has two limited partners: appellant Tuscany Realty, Ltd. ("Tuscany Realty") and Synergy Realty Investments, L.L.C. ("Synergy"). The general partner was Tuscany Gardens Management Corporation ("Tuscany Gardens"). Tuscany Realty controlled 31% of the equity, Synergy held 68%, and Tuscany Gardens had 1%.

After several years of operation, an agreement was reached to sell 100% of Tuscany Partnership's interest to Management Solutions, Inc. for $18,900,000. Prior to the sale, however, a disagreement developed between Tuscany Partnership and Tuscany Realty over the amount Tuscany Realty was to receive from the sale and how the proceeds from the sale were to be distributed. To allow the sale to go forward pending resolution of this dispute, Tuscany Realty agreed to execute an assignment of its partnership interest to Synergy in exchange for Synergy's conditional release of $71,000 to Tuscany Realty upon the closing of the sale and the retention of $300,000 of the proceeds in an escrow account. The $371,000 figure was based on an estimation of the amount of money Tuscany Realty would receive from the sale

after all profits and expenses were properly distributed. The payments were made out of the partnership checking account.

After the sale closed, and the division of all profits and expenses was calculated, however, it was determined that the actual amount Tuscany Realty was entitled to receive was less than what had been estimated prior to the sale. Consequently, Tuscany Partnership sued Tuscany Realty for recovery of the $371,000 based on breach of the limited partnership agreement and for a declaratory judgment. Tuscany Realty counterclaimed for breach of the partnership agreement, fraud, negligent misrepresentation, and an accounting. After a bench trial, the trial court found for Tuscany Partnership, awarding it $371,000, less Tuscany Realty's attorney fees.

### III. Standing

In its first issue, Tuscany Realty contends that Tuscany Partnership had no standing to sue because the dispute is between Tuscany Realty and Synergy, not between Tuscany Realty and Tuscany Partnership.

A plaintiff must have standing to sue.[2]  Without it, a trial court lacks subject matter jurisdiction.[3]  A party contesting an opponent's standing may raise the issue for the first time on appeal.[4]  In determining whether a party has standing, the inquiry focuses on whether the party has a sufficient relationship with the lawsuit so as to have a justiciable interest in its outcome.[5]  Standing, therefore, is a question of who is entitled to bring an action[6] and it is concerned with whether there is a real controversy between the parties that will actually be determined by the judicial declaration sought.[7]

Under the terms of Tuscany Partnership's limited partnership agreement, the partnership had the duty to divide the proceeds from the sale of the Property pursuant to the methodology contained in the partnership agreement. When a dispute arose between Tuscany Partnership and Tuscany Realty over

---

[2] ... *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (quoting 13 Charles Alan Wright et al., *Federal Practice and Procedure* § 3531 (2d ed.1984)); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993); *City of Arlington v. Centerfolds, Inc.*, 232 S.W.3d 238, 244 (Tex. App.—Fort Worth 2007, pet. denied).

[3] ... *Lovato*, 171 S.W.3d at 849; *City of Arlington*, 232 S.W.3d at 244.

[4] ... *Lovato*, 171 S.W.3d at 849; *City of Arlington*, 232 S.W.3d at 244.

[5] ... *Lovato*, 171 S.W.3d at 848; *City of Arlington*, 232 S.W.3d at 244.

[6] ... *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001).

[7] ... *Lovato*, 171 S.W.3d at 849; *City of Arlington*, 232 S.W.3d at 244.

4

the distribution of the proceeds from the sale of the Property, Tuscany Realty agreed to assign its interests to Synergy to facilitate the sale in consideration for $371,000, "pending a resolution of our dispute by settlement or otherwise." These facts clearly give rise to a justiciable controversy between Tuscany Partnership and Tuscany Realty and constitute a proper subject matter for Tuscany Partnership's suit for declaratory relief[8] and breach of the partnership agreement. Tuscany Partnership, therefore, had standing to bring suit. Accordingly, we overrule Tuscany Realty's first issue.

## IV. Breach of Contract and Declaratory Relief

In its second issue, Tuscany Realty contends that the evidence is legally and factually insufficient to support judgment for Tuscany Partnership on its breach of partnership agreement claim and its claim for declaratory relief.

Findings of fact entered in a bench trial have the same force and dignity as a jury's answers to jury questions.[9] The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by

---

[8] _See_ Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001, 37.004(a) (Vernon 2008).

[9] _Anderson v. City of Seven Points_, 806 S.W.2d 791, 794 (Tex. 1991).

the same standards that are applied in reviewing evidence supporting a jury's answer.[10]

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.[11] In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not.[12] When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the evidence supporting the finding

---

[10] *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex. 1994).

[11] *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960).

[12] *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered.[13]

During trial, Tuscany Partnership introduced a spreadsheet showing how the proceeds from the sale of the partnership interests should be applied and distributed. The spreadsheet shows the amount of proceeds the partnership received from the sale, the deductions that were taken from the proceeds pursuant to the limited partnership agreement, and the funds remaining to be paid to the limited partners.[14] The record also contains the limited partnership agreement in which the limited partners agreed to the division and distribution of profits according to the methodology used in the spreadsheet. Mitchell Vexler, owner of Synergy, testified that the spreadsheet was prepared in accordance with the limited partnership agreement. Tuscany Realty presented no controverting evidence showing that it was entitled to a greater amount, or that any of the proceeds from the sale were misapplied.

After considering and weighing all of the evidence in the record, we hold there is more than a scintilla of evidence to support the judgment awarding the

---

[13]... *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *In re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951).

[14]... According to the spreadsheet, the amount Tuscany Realty was entitled to receive was $2,668. Tuscany Realty, however, does not seek recovery of this sum.

disputed funds to Tuscany Partnership. Further, we cannot say that the evidence supporting the judgment is so weak, or so contrary to the overwhelming weight of all the evidence, that the judgment should be set aside and a new trial ordered.[15] We overrule Tuscany Realty's second issue.[16]

## V. Affirmative Defense

In its third issue, Tuscany Realty contends that the evidence is legally and factually insufficient to support the trial court's failure to find in favor of Tuscany Realty on its affirmative defense of estoppel.

When a party attacks the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof, and there is no evidence to support the finding, we review all the evidence to determine whether the contrary position is established as a matter of law.[17] When the party with the burden of proof asserts that the evidence is factually insufficient to support a

---

[15] *See Pool*, 715 S.W.2d at 635; *Garza*, 395 S.W.2d at 823.

[16] Because we hold that the evidence is sufficient to support the declaratory judgment, we need not examine appellant's claims that the evidence is insufficient to support the judgment based on breach of contract. *See* Tex. R. App. P. 47.1.

[17] *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989).

failure to find, the party must show that the failure to find is against the great weight and preponderance of the evidence.[18]

Estoppel is defined in general as conduct that causes the other party to materially alter his position in reliance on that conduct.[19] To invoke the doctrine of estoppel, all the necessary elements of estoppel must be present.[20] The elements of equitable estoppel are (1) a false representation or concealment of material facts, (2) made with knowledge, actual or constructive, of those facts, (3) with the intention that it should be acted on, (4) to a party without knowledge or means of obtaining knowledge of the facts, (5) who detrimentally relies on the representations.[21]

Tuscany Realty's accounting expert, Elizabeth Schrupp, testified that a thorough audit would be required to determine whether the information in the spreadsheet was accurate given Tuscany Partnership's failure to provide

---

[18] ... *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651 (Tex. 1988); *see Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex. 1988).

[19] ... *Roberts v. Clark*, 188 S.W.3d 204, 213 (Tex. App.—Tyler 2002, pet. denied) (op. on reh'g); *Braugh v. Phillips*, 557 S.W.2d 155, 158 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.).

[20] ... *Roberts*, 188 S.W.3d at 213; *Douglas v. Aztec Petroleum Corp.*, 695 S.W.2d 312, 317 (Tex. App.—Tyler 1985, no writ).

[21] ... *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–16 (Tex. 1998); *Argyle Indep. Sch. Dist. ex rel. Bd. of Trs. v. Wolf*, 234 S.W.3d 229, 241 (Tex. App.—Fort Worth 2007, no pet.).

Tuscany Realty with sufficient financial documentation and that it appeared to her that the partnership had perpetuated some sort of tax fraud. The record also shows, however, that Tuscany Realty decided not to examine the partnership books because it believed that it would have been too expensive to do so.[22]

After reviewing the entire record, we conclude that there is no evidence that would support a finding of estoppel. We overrule issue number three.

## VI. Conclusion

The trial court's judgment is affirmed.


PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON, J.; and HOLMAN, J. (Retired)

HOLMAN, J. (Retired), not participating. *See* Tex. R. App. P. 41.1(b)

LIVINGSTON, J., concurs without opinion

DELIVERED: December 10, 2009

---

[22] The partnership agreement provided that the costs of an audit would be borne by the auditing party. At trial, the trial court proposed ordering the Tuscany Partnership to bear any costs beyond those of a normal audit that were the result of any bookkeeping deficiencies. Tuscany Realty declined this suggestion.