COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-421-CV

 

 

 

TUSCANY REALTY, LTD.                                                      APPELLANT

 

                                                   V.

 

TUSCANY GARDENS, L.P.                                                       APPELLEE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

This is
an appeal from a judgment allocating proceeds from the sale of a limited
partnership.  We affirm.








II. 
Background Facts

Appellee
Tuscany Gardens, L.P. (ATuscany Partnership@) was
formed to develop an apartment complex in Lewisville (Athe
Property@).  The Tuscany Partnership has two limited
partners:  appellant Tuscany Realty, Ltd.
(ATuscany
Realty@) and
Synergy Realty Investments, L.L.C. (ASynergy@).  The general partner was Tuscany Gardens
Management Corporation (ATuscany Gardens@).  Tuscany Realty controlled 31% of the equity,
Synergy held 68%, and Tuscany Gardens had 1%.








After
several years of operation, an agreement was reached to sell 100% of Tuscany
Partnership=s interest to Management
Solutions, Inc. for $18,900,000.  Prior
to the sale, however, a disagreement developed between Tuscany Partnership and
Tuscany Realty over the amount Tuscany Realty was to receive from the sale and
how the proceeds from the sale were to be distributed.  To allow the sale to go forward pending
resolution of this dispute, Tuscany Realty agreed to execute an assignment of
its partnership interest to Synergy in exchange for Synergy=s
conditional release of $71,000 to Tuscany Realty upon the closing of the sale
and the retention of $300,000 of the proceeds in an escrow account.  The $371,000 figure was based on an
estimation of the amount of money Tuscany Realty would receive from the sale
after all profits and expenses were properly distributed.  The payments were made out of the partnership
checking account. 

After
the sale closed, and the division of all profits and expenses was calculated,
however, it was determined that the actual amount Tuscany Realty was entitled
to receive was less than what had been estimated prior to the sale.  Consequently, Tuscany Partnership sued
Tuscany Realty for recovery of the $371,000 based on breach of the limited
partnership agreement and for a declaratory judgment.  Tuscany Realty counterclaimed for breach of
the partnership agreement, fraud, negligent misrepresentation, and an
accounting.  After a bench trial, the
trial court found for Tuscany Partnership, awarding it $371,000, less Tuscany
Realty=s
attorney fees.

III. 
Standing

In its
first issue, Tuscany Realty contends that Tuscany Partnership had no standing
to sue because the dispute is between Tuscany Realty and Synergy, not between
Tuscany Realty and Tuscany Partnership. 








A
plaintiff must have standing to sue.[2]  Without it, a trial court lacks subject
matter jurisdiction.[3]  A party contesting an opponent=s
standing may raise the issue for the first time on appeal.[4]  In determining whether a party has standing,
the inquiry focuses on whether the party has a sufficient relationship with the
lawsuit so as to have a justiciable interest in its outcome.[5]  Standing, therefore, is a question of who is
entitled to bring an action[6]
and it is concerned with whether there is a real controversy between the
parties that will actually be determined by the judicial declaration sought.[7]








Under
the terms of Tuscany Partnership=s
limited partnership agreement, the partnership had the duty to divide the
proceeds from the sale of the Property pursuant to the methodology contained in
the partnership agreement.  When a
dispute arose between Tuscany Partnership and Tuscany Realty over the
distribution of the proceeds from the sale of the Property, Tuscany Realty
agreed to assign its interests to Synergy to facilitate the sale in
consideration for $371,000, Apending
a resolution of our dispute by settlement or otherwise.@  These facts clearly give rise to a
justiciable controversy between Tuscany Partnership and Tuscany Realty and
constitute a proper subject matter for Tuscany Partnership=s suit
for declaratory relief[8]
and breach of the partnership agreement. 
Tuscany Partnership, therefore, had standing to bring suit.  Accordingly, we overrule Tuscany Realty=s first
issue.

IV. 
Breach of Contract and Declaratory Relief

In its
second issue, Tuscany Realty contends that the evidence is legally and
factually insufficient to support judgment for Tuscany Partnership on its
breach of partnership agreement claim and its claim for declaratory relief. 








Findings
of fact entered in a bench trial have the same force and dignity as a jury=s
answers to jury questions.[9]  The trial court=s
findings of fact are reviewable for legal and factual sufficiency of the
evidence to support them by the same standards that are applied in reviewing
evidence supporting a jury=s
answer.[10]  








We may
sustain a legal sufficiency challenge only when (1) the record discloses a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (4) the evidence establishes conclusively the opposite of a
vital fact.[11]  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable factfinder could and disregard
evidence contrary to the finding unless a reasonable factfinder could not.[12]  When reviewing an assertion that the evidence
is factually insufficient to support a finding, we set aside the finding only
if, after considering and weighing all of the evidence in the record pertinent
to that finding, we determine that the evidence supporting the finding is so
weak, or so contrary to the overwhelming weight of all the evidence, that the
answer should be set aside and a new trial ordered.[13]

During
trial, Tuscany Partnership introduced a spreadsheet showing how the proceeds
from the sale of the partnership interests should be applied and
distributed.  The spreadsheet shows the
amount of proceeds the partnership received from the sale, the deductions that
were taken from the proceeds pursuant to the limited partnership agreement, and
the funds remaining to be paid to the limited partners.[14]  The record also contains the limited
partnership agreement in which the limited partners agreed to the division and
distribution of profits according to the methodology used in the spreadsheet.  Mitchell Vexler, owner of Synergy, testified
that the spreadsheet was prepared in accordance with the limited partnership
agreement.  Tuscany Realty presented no
controverting evidence showing that it was entitled to a greater amount, or
that any of the proceeds from the sale were misapplied. 








After
considering and weighing all of the evidence in the record, we hold there is
more than a scintilla of evidence to support the judgment awarding the disputed
funds to Tuscany Partnership.  Further,
we cannot say that the evidence supporting the judgment is so weak, or so
contrary to the overwhelming weight of all the evidence, that the judgment
should be set aside and a new trial ordered.[15]  We overrule Tuscany Realty=s second
issue.[16]


V. 
Affirmative Defense

In its
third issue, Tuscany Realty contends that the evidence is legally and factually
insufficient to support the trial court=s
failure to find in favor of Tuscany Realty on its affirmative defense of
estoppel.  








When a
party attacks the legal sufficiency of an adverse finding on an issue on which
the party had the burden of proof, and there is no evidence to support the
finding, we review all the evidence to determine whether the contrary position
is established as a matter of law.[17]  When the party with the burden of proof
asserts that the evidence is factually insufficient to support a failure to
find, the party must show that the failure to find is against the great weight
and preponderance of the evidence.[18]








Estoppel
is defined in general as conduct that causes the other party to materially
alter his position in reliance on that conduct.[19]  To invoke the doctrine of estoppel, all the
necessary elements of estoppel must be present.[20]  The elements of equitable estoppel are (1) a
false representation or concealment of material facts, (2) made with knowledge,
actual or constructive, of those facts, (3) with the intention that it should
be acted on, (4) to a party without knowledge or means of obtaining knowledge
of the facts, (5) who detrimentally relies on the representations.[21]      Tuscany Realty=s
accounting expert, Elizabeth Schrupp, testified that a thorough audit would be
required to determine whether the information in the spreadsheet was accurate
given Tuscany Partnership=s failure to provide Tuscany
Realty with sufficient financial documentation and that it appeared to her that
the partnership had perpetuated some sort of tax fraud.  The record also shows, however, that Tuscany
Realty decided not to examine the partnership books because it believed that it
would have been too expensive to do so.[22]  

After
reviewing the entire record, we conclude that there is no evidence that would
support a finding of estoppel.  We
overrule issue number three.

VI. 
Conclusion 

The
trial court=s judgment is affirmed.

 

PER
CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON,
J.; and HOLMAN, J. (Retired)

 

HOLMAN, J. (Retired), not participating.  See Tex. R. App. P. 41.1(b)

 

LIVINGSTON, J., concurs without opinion

 

DELIVERED:  December 10, 2009











[1]See Tex. R. App. P. 47.4.





[2]Austin Nursing Ctr., Inc.
v. Lovato,
171 S.W.3d 845, 849 (Tex. 2005) (quoting 13 Charles Alan Wright et al., Federal
Practice and Procedure ' 3531 (2d ed.1984)); Tex. Ass=n of Bus. v. Tex. Air
Control Bd.,
852 S.W.2d 440, 443 (Tex. 1993); City of Arlington v. Centerfolds, Inc.,
232 S.W.3d 238, 244 (Tex. App.CFort Worth 2007, pet. denied).





[3]Lovato, 171 S.W.3d at 849; City
of Arlington, 232 S.W.3d at 244.





[4]Lovato, 171 S.W.3d at 849; City
of Arlington, 232 S.W.3d at 244.





[5]Lovato, 171 S.W.3d at 848; City
of Arlington, 232 S.W.3d at 244.





[6]M.D. Anderson Cancer Ctr.
v. Novak,
52 S.W.3d 704, 708 (Tex. 2001).





[7]Lovato, 171 S.W.3d at 849; City
of Arlington, 232 S.W.3d at 244.





[8]See Tex. Civ. Prac. &
Rem. Code Ann. '' 37.001, 37.004(a)
(Vernon 2008).





[9]Anderson v. City of Seven
Points,
806 S.W.2d 791, 794 (Tex. 1991).





[10]Ortiz v. Jones, 917 S.W.2d 770, 772
(Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).





[11]Uniroyal Goodrich Tire
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S. 1040
(1999); Robert W. Calvert, "No Evidence" and "Insufficient
Evidence" Points of Error, 38 Tex. L. Rev. 361, 362B63 (1960).





[12]Cent. Ready Mix Concrete
Co. v. Islas,
228 S.W.3d 649, 651 (Tex. 2007); City of Keller v. Wilson, 168 S.W.3d
802, 807, 827 (Tex. 2005).





[13]Pool v. Ford Motor Co., 715 S.W.2d 629, 635
(Tex. 1986) (op. on reh=g); Garza v. Alviar,
395 S.W.2d 821, 823 (Tex. 1965); In re King=s Estate, 150 Tex. 662, 664B65, 244 S.W.2d 660, 661
(1951).





[14]According to the
spreadsheet, the amount Tuscany Realty was entitled to receive was $2,668.  Tuscany Realty, however, does not seek
recovery of this sum.





[15]See Pool, 715 S.W.2d at 635; Garza,
395 S.W.2d at 823.





[16]Because we hold that the
evidence is sufficient to support the declaratory judgment, we need not examine
appellant=s claims that the
evidence is insufficient to support the judgment based on breach of
contract.  See Tex. R. App. P.
47.1.





[17]Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241
(Tex. 2001); Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.
1989).





[18]Cropper v. Caterpillar
Tractor Co.,
754 S.W.2d 646, 651 (Tex. 1988); see Herbert v. Herbert, 754 S.W.2d 141,
144 (Tex. 1988).





[19]Roberts v. Clark, 188 S.W.3d 204, 213
(Tex. App.CTyler 2002, pet. denied)
(op. on reh=g); Braugh v. Phillips,
557 S.W.2d 155, 158 (Tex. Civ. App.CCorpus Christi 1977, writ ref=d n.r.e.).





[20]Roberts, 188 S.W.3d at 213; Douglas
v. Aztec Petroleum Corp., 695 S.W.2d 312, 317 (Tex. App.CTyler 1985, no writ).





[21]Johnson & Higgins of
Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 515B16 (Tex. 1998); Argyle
Indep. Sch. Dist. ex rel. Bd. of Trs. v. Wolf, 234 S.W.3d 229, 241 (Tex.
App.CFort Worth 2007, no
pet.).





[22]The partnership agreement
provided that the costs of an audit would be borne by the auditing party.  At trial, the trial court proposed ordering
the Tuscany Partnership to bear any costs beyond those of a normal audit that
were the result of any bookkeeping deficiencies.  Tuscany Realty declined this suggestion.