THE M.D. ANDERSON CANCER CENTER, John Mendelsohn, M.D., and John Does Nos. 1 through 10, Petitioners,

v.

Henry J. NOVAK, individually and as class representative, Respondent.

No. 00–0643.

Supreme Court of Texas.

Argued on March 7, 2001.

Decided June 14, 2001.

Linda Eads, Gregory S. Coleman, Andy Taylor, John Cornyn, Toni Hunter, Merlr Hoffman Dover, Heather Leigh Horton, Office of Atty. Gen. of Texas, Austin, for Petitioner.

Henry Novak, Austin, for Respondent.

Justice OWEN delivered the opinion of the Court.

We are asked to decide whether the plaintiff in this case has standing to pursue his individual claims and if not, whether he may nevertheless maintain a class-action suit on behalf of injured class members

who do have standing. The court of appeals concluded that the named plaintiff's lack of individual standing to bring suit did not, in and of itself, disqualify him from acting as class representative, but rather was a "relevant factor in judging whether he should properly represent the class." 50 S.W.3d 512. We hold that the plaintiff has no standing to bring claims as an individual and that a named plaintiff's lack of individual standing at the time a class action suit is filed deprives the court of subject matter jurisdiction over the plaintiff's individual claims and over his claims on behalf of the class. Accordingly, we reverse the court of appeals' judgment in part and render judgment dismissing the suit for want of jurisdiction.

## I

Henry Novak, an attorney, received a form letter from the M.D. Anderson Cancer Center soliciting donations. The letter was signed by John Mendelsohn, president of M.D. Anderson, and stated that "well over 50% of people with cancer who are cared for at The University of Texas M.D. Anderson Cancer Center return home cured." Although Novak did not contribute any money in response to the letter, he sued M.D. Anderson, Mendelsohn, and ten other defendants identified only as John Does one through ten, contending that the cure-rate representation was false and that the defendants had conspired to fraudulently induce the recipients of the letter to contribute money. Novak brought suit both in his individual capacity and as representative of the class of persons to whom M.D. Anderson mailed its 1998 annual fund-raising letter. Specifically, Novak requested a declaratory judgment: (1) that the defendants' conduct violated sections 371 (conspiracy to commit offense against or to defraud the United States) and 1341 (mail fraud) of Title 18 of the United States Code; (2) that the defendants acted outside the course and scope of their employment; and (3) that the contributions received in response to the solicitation letter were obtained by false and fraudulent means and must be refunded. Novak further requested injunctive relief enjoining the defendants from disseminating the cancer cure-rate representation and ordering Mendelsohn to return contributions made in response to the letter.

The defendants removed the case to federal court based on Novak's asserted violations of federal statutes. In federal court, Novak admitted that he was not attempting to state a cause of action under a federal statute, but was simply attempting "to prove that the defendants had committed each of the judicially recognized elements of a mail fraud violation in order to establish a prima facie tort for fraud," thereby entitling him to injunctive relief. The federal court remanded the case to state court, with all parties agreeing that there were no private federal causes of action under sections 371 and 1341 of Title 18 of the United States Code.

The defendants then moved to dismiss for lack of jurisdiction in state district court on the basis that Novak lacked standing to sue and on sovereign immunity grounds. The trial court granted the motion without specifying the grounds and rendered a final judgment dismissing the suit. On appeal, the Third Court of Appeals concluded that Novak's request for a permanent injunction prohibiting the defendants from disseminating the cure rate would require an advisory opinion because there was no allegation that the defendants were threatening to do so and that the trial court properly dismissed that claim for want of jurisdiction. 50 S.W.3d at 518. With regard to Novak's request for a mandatory injunction compelling Mendelsohn to return the contributions, the court of appeals concluded that Novak

and the other uninjured class members lacked standing, but that those persons who contributed in reliance on the letter did have standing to sue for declaratory relief and for a mandatory injunction compelling a refund. *Id.* at 518.

Although it concluded that Novak lacked individual standing, the court of appeals held that the trial court erred in dismissing the class claims for declaratory relief and a mandatory injunction requiring a refund. It reasoned that Novak's lack of standing did not disqualify him from acting as class representative but instead was simply "a relevant factor in judging whether he should properly represent the class." *Id.* at 518. The court then reversed the trial court's judgment "insofar as it dismisses for want of jurisdiction Novak's suit on behalf of a class of persons who paid money in reliance upon the allegedly fraudulent statement contained in the letter of January 1998, and the claims of such class members for declaratory and injunctive relief requiring a return of their money." *Id.* at 518. The court remanded those claims to the trial court and affirmed the remainder of the judgment. *Id.* at 519.

We granted M.D. Anderson's petition for review, which challenges the court of appeals' judgment remanding Novak's suit on behalf of class members. We first consider Novak's contention that the court of appeals' judgment should be affirmed on the independent basis that he does have standing to pursue his individual claims and therefore has standing to represent the class.

## II

Novak contends that he has standing to pursue his claims in an individual capacity and therefore as a class representative because mail fraud does not require an actual injury. He asserts that we should therefore affirm the court of appeals' judgment remanding his claims on behalf of the class.

Novak asserts that "a controversy arises in the mail fraud context at the point [in] time when the perpetrator uses the mail system in furtherance of a scheme to defraud the recipient" and thus "no injury to the recipient is necessary for the offense to be completed and for the controversy to mature." However, the cases on which Novak relies are federal criminal prosecutions for mail fraud. *See, e.g., United States v. D'Amato,* 39 F.3d 1249 (2d Cir. 1994). As Novak admits, the federal mail fraud statutes do not create a private cause of action, and both the civil RICO statute (codified at 18 U.S.C. § 1961, et seq.) and Texas common-law fraud require actual injury. *See Bell v. Health-Mor, Inc.,* 549 F.2d 342, 346 (5th Cir.1977) (holding that there is no private cause of action under the federal mail fraud statutes); *Summit Props., Inc. v. Hoechst Celanese Corp.,* 214 F.3d 556, 559 (5th Cir.2000) (holding that the civil RICO statute requires a showing that the plaintiff suffered injury); *DeSantis v. Wackenhut,* 793 S.W.2d 670, 688 (Tex.1990) (holding that common-law fraud requires a showing that the plaintiff suffered injury). As stated by the United States Court of Appeals for the Fifth Circuit in *Summit Properties:* "[T]he government can punish unsuccessful schemes to defraud because the underlying mail fraud violation does not require reliance, but a civil plaintiff 'faces an additional hurdle' and must show an injury caused 'by reason of' the violation." 214 F.3d at 559.

Even if Novak was an *intended* victim of a "completed" mail fraud for purposes of governmental prosecution, he was not actually defrauded. His lack of any actual or threatened injury prevents him from being "personally aggrieved" such that he has

any personal stake in the litigation. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) ("A plaintiff has standing when it is personally aggrieved."); *In the Interest of B .I.V.*, 923 S.W.2d 573, 574 (Tex.1996) ("To establish standing, a person must show a personal stake in the controversy."). Therefore, Novak lacks standing as an individual regardless of the fact that his claims for declaratory judgment are predicated on the federal mail fraud statutes. We turn to the question of whether Novak may nevertheless pursue a class action.

## III

■■ The requirement of standing is implicit in the Texas Constitution's open courts provision, which contemplates access to the courts only for those litigants suffering an injury. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex.1993). Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). "[S]tanding focuses on the question of who may bring an action." *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex.1998). In contrast, whether a plaintiff would be an appropriate class representative is determined by Rule 42's requirements that the representative's claims be typical of the class and that the representative will fairly and adequately protect the interests of the class. TEX. R.CIV.P. 42(a).

■ We must decide whether, in a class action context, a named plaintiff's lack of individual standing at the time suit is filed precludes the trial court's exercise of subject matter jurisdiction over the class claims or whether, as the court of appeals concluded, it is simply a factor to consider in deciding whether the named plaintiff would be a proper class representative. Although this is an issue of first impression for this Court, the United States Supreme Court has rejected the court of appeals' approach and has embraced the rule that a plaintiff who lacks individual standing when suit is filed cannot maintain a class action: "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

The United States Supreme Court subsequently reaffirmed that a plaintiff desiring to represent a class must have personally suffered an injury or wrong to have standing:

> That a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."

*Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) (quoting *Warth v. Seldin*, 422 U.S. 490, 502, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

The Supreme Court has recognized only a narrow exception to the principles of jurisdiction that "require that the plaintiff's personal stake in the litigation continue[s] throughout the entirety of the litigation." *Sosna v. Iowa*, 419 U.S. 393, 402, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). In *Sosna*, the plaintiff challenged a one-year residency requirement for obtaining a divorce and sought to maintain a class action. However, by the time the case reached the Supreme Court, the plaintiff had met the

residency requirement. The Supreme Court noted that "because of the passage of time, no single challenger will remain subject to [the statute's] restrictions for the period necessary to see such a lawsuit to its conclusion." *Id.* at 400, 95 S.Ct. 553. The Court held that the plaintiff could therefore remain as the named plaintiff in the class action. The Court cautioned, however, that "the same exigency that justifies this doctrine serves to identify its limits." *Id.* at 402, 95 S.Ct. 553; *see also United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 404, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (holding that a plaintiff had standing to pursue an appeal of the denial of a motion for class certification of claims challenging federal sentencing guidelines even after his release from prison upon completion of his sentence). The exception recognized in *Sosna* and *Geraghty* does not apply to Novak. At no time during the course of this litigation has Novak had individual standing.

At least five Texas courts of appeals have found the Supreme Court's standing jurisprudence persuasive, if not controlling. In *Texas Department of Mental Health and Mental Retardation v. Petty,* 778 S.W.2d 156 (Tex.App.—Austin 1989, writ dism'd w.o.j.), the court held:

> We reemphasize that these prerequisites [of typicality and adequacy] deal with the competency of a plaintiff to represent properly the class. A determination of competency necessarily presupposes, of course, that the representative has met the threshold requirement of standing to bring the action, for if the purported class representative fails to establish the requisite of a litigable controversy with the defendant, he may not obtain relief on behalf of himself *or* any member of the class. Indeed, '[i]f a [named] plaintiff does not assert that he or she as an individual suffered a con-

crete injury, then the court's inquiry must cease.'

*Id.* at 164 (citations omitted) (emphasis in original).

In the same year that *Petty* was decided, the Second Court of Appeals issued *Tarrant County Commissioners Court v. Markham,* 779 S.W.2d 872 (Tex.App.—Fort Worth 1989, writ denied), in which it held in a class action suit that "the better rule is that the plaintiff must have a personal stake in the litigation at the time of filing suit." *Id.* at 876. The Fourth Court of Appeals has also required that the named plaintiff have individual standing to sue in order to maintain a class action. *In re M.M.O.,* 981 S.W.2d 72, 81–82 (Tex. App.—San Antonio 1998, no writ). The Thirteenth Court of Appeals, although originally rejecting this position, *see Clements v. League of United Latin Am. Citizens,* 800 S.W.2d 948 (Tex.App.—Corpus Christi 1990, no writ), later changed its view, citing *Petty* for the proposition that "[b]efore a plaintiff may establish his competency to represent a class under Rule 42, he must first meet the threshold requirement of standing to bring the action." *Amerada Hess Corp. v. Garza,* 973 S.W.2d 667, 680 (Tex.App.—Corpus Christi 1996), *writ dism'd w.o.j. sub nom. Coastal Corp. v. Garza,* 979 S.W.2d 318 (Tex.1998).

The Fifth Court of Appeals has also adopted this approach, albeit reluctantly. In *Cedar Crest Funeral Home, Inc. v. Lashley,* 889 S.W.2d 325 (Tex.App.—Dallas 1993, no writ), the court noted that "[c]lass and nonclass actions raise discrete problems of standing which the courts have generally failed to distinguish." *Id.* at 329. In class actions, the court reasoned, "the requirement that the named representative plaintiff have a personal stake in the form of a direct injury is less compelling on jurisdictional grounds ... [because] the *class* itself is the real party

in interest." *Id.* (emphasis in original). As such, "[i]f the unnamed members of the class satisfy the requirements of standing, then a real controversy exists between the class and the defendant, which should be sufficient to invoke the court's jurisdiction." *Id.* The court pointed out that "[i]n more traditional representative actions involving fiduciaries, trustees, or 'next friends,' the stake of the person or entity represented determines standing, not the stake of the representative." *Id.* The court concluded that, "[l]ogically, jurisdictional requirements imposed upon class representatives should be no more onerous." *Id.; see also* Note, *Class Standing and the Class Representative,* 94 HARV. L.REV. 1637, 1649 (1981) (arguing for a "representational standing" approach in which the putative class is itself the plaintiff for standing purposes). Nevertheless, the court followed *Petty,* conceding that

it is by now well established that before a plaintiff may establish his competency to represent a class under Rule 42, he must first meet the threshold requirement of standing to bring the action, for if the purported class representative fails to establish the requisite of a litigable controversy, he may not obtain class relief on behalf of himself or any member of the class.

*Lashley,* 889 S.W.2d at 329–30.

Although the requirement of individual standing has met with some criticism, that criticism is not well-founded. Unlike the "traditional" representative actions referred to in *Lashley,* a class action is a group of individual claims bundled together for judicial economy purposes-each class member and the class representative is an individual claimant seeking a personal recovery. Accordingly, the proper inquiry is whether the named plaintiff has individual standing, not whether "the class" does. As the United States Supreme Court has

noted, the fact that unnamed class members have standing adds nothing to the inquiry of whether the named plaintiff is a proper party with standing to raise issues generally. *See Simon,* 426 U.S. at 40 n. 20, 96 S.Ct. 1917.

■ In addition, our state constitution contemplates that plaintiffs seeking redress in the courts must first demonstrate standing. Because the Texas Constitution requires the presence of a proper party to raise issues before the Court, standing is a threshold inquiry regardless of whether the plaintiff brings an individual or class action. *See Tex. Ass'n of Bus.,* 852 S.W.2d at 444.

■ Although Rule 42's typicality and adequacy-of-representation requirements may be conceptually related to the issue of standing, whether the named plaintiff is a proper class representative is not part of the standing inquiry. The two inquiries are separate-before Rule 42's requirements are considered, a named plaintiff must first satisfy the threshold requirement of individual standing at the time suit is filed, without regard to the class claims. The United States Supreme Court, in *Sosna,* has affirmed this distinction between threshold standing requirements and ability to represent the class:

A named plaintiff in a class action must show that the threat of injury in a case such as this is "real and immediate" not "conjectural" or "hypothetical." . . . This conclusion [that the named plaintiff satisfies those criteria] does not automatically establish that [the named plaintiff] is entitled to litigate the interests of the class she seeks to represent, but it does shift the focus of examination from the elements of justiciability to the ability of the named representative to "fairly and adequately protect the interests of the class."

409 U.S. at 402–03, 93 S.Ct. 647. Accordingly, if the named plaintiff lacks individual standing, the court should dismiss the entire suit for want of jurisdiction. If the named plaintiff demonstrates individual standing, whether that plaintiff will then be permitted to represent the class depends on whether Rule 42's requirements are satisfied.

\* \* \* \* \*

In conclusion, we hold that a named plaintiff's lack of individual standing at the time suit is filed deprives the court of subject matter jurisdiction over the plaintiff's individual claims and claims on behalf of a class. Accordingly, because Novak lacked individual standing, the trial court lacked subject matter jurisdiction over his individual claims and his claims on behalf of the class, and the court of appeals erred in remanding the class claims. We therefore reverse the court of appeals' judgment in part and render judgment dismissing the suit for want of jurisdiction.