Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-07-00649-CV

**SAN DIEGO INDEPENDENT SCHOOL DISTRICT**,
Appellant

v.

**VANTAGE SYTEMS DESIGN, INC.**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 04-08-42696-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:     Alma L. López, Chief Justice
             Phylis J. Speedlin, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  August 20, 2008

AFFIRMED

This is an interlocutory appeal from the trial court's denial of a plea to the jurisdiction.  *See*

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008).  Appellant San Diego

Independent School District ("SDISD") contends the trial court erred in denying its plea to the

jurisdiction because the lack of contractual privity between Vantage Systems Design, Inc.

("Vantage") and SDISD deprived the trial court of subject matter jurisdiction.  We affirm.

**BACKGROUND**

A group of rural entities was interested in obtaining a wireless telecommunications system. The group included SDISD, Freer Independent School District, Ramirez Common School District, Benavides Independent School District, Duval County, the City of Freer, Concepcion Civic Center, and Realitos Civic Center, and referred to itself as Duval County C-Net ("C-Net"). In 2002, the Texas Telecommunication Infrastructure Board ("TIF") released a Request for Proposal ("RFP"), which invited eligible entities interested in setting up a local community computer network[1] to apply for a grant. The grant would allow the entities to provide their citizens with Internet access, giving them "full participation in the information-based economy." The entities comprising C-Net entered into an "Interlocal Collaborative Agreement" for the purpose of filing a grant application with TIF. The agreement refers to the entities collectively as "Duval County C-Net." In the TIF grant application, the applicants were required to designate grant officials and a fiscal agent. C-Net designated SDISD as its fiscal agent. TIF awarded C-Net a $250,00.00 grant. The grant money was given to SDISD for administration.

Before it even applied for the TIF grant, C-Net met with Vantage, an information services vendor that provides wireless computer solutions. Vantage claims that as a result of that meeting, it entered into a contract to construct and support a wireless network and web portal, which included equipment and services, for SDISD individually rather than C-Net. Vantage contends the agreement is embodied in a letter dated February 14, 2003, sent to Dr. Roberto Garcia, who was ultimately designated by C-Net as the "authorized official" for purposes of the grant. SDISD counters that if

---

[1]For purposes of the grant, a "community network" was "a website or portal that provides current and relevant information, community technology centers to provide public access and technology training, and/or equitably distributed public access points."

there was a contract, it was between Vantage and C-Net. SDISD claims it did not enter into any contract with Vantage; it was merely acting as the fiscal agent for C-Net.

It is undisputed that Vantage provided at least some of the equipment and services allegedly contracted for, but contends it was prevented from completing its work by SDISD or its agents. Vantage further claims SDISD "failed to pay the outstanding amounts due under the contract." Accordingly, Vantage brought suit for breach of contract against SDISD.

In response to the suit, SDISD filed pleadings in which it challenged the trial court's jurisdiction and Vantage's right to recover. These pleadings included, among other things, a plea to the jurisdiction, a no-evidence motion for summary judgment, and a traditional motion for summary judgment. SDISD made numerous arguments, including that it was not a party to the contract, but if a contract existed it was between Vantage and C-Net. In a single order, the trial court denied SDISD's plea to the jurisdiction, no-evidence motion for summary judgment, and traditional motion for summary judgment. SDISD timely perfected this interlocutory appeal.

## DISCUSSION

SDISD brings a single issue on appeal, contending the trial court erred in denying its plea to the jurisdiction. SDISD argues Vantage lacked standing to prosecute this action thereby depriving the trial court of subject matter jurisdiction. SDISD's argument is premised on the contention that C-Net, not SDISD, was the party to any contract that Vantage entered into with regard to the provision of a wireless communication system. In reviewing the trial court's determination in this case, we apply a de novo standard of review. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (holding that whether pleader has alleged facts that affirmatively demonstrate trial court's subject matter jurisdiction is question of law reviewed de novo), "Standing is a prerequisite to subject-matter jurisdiction, and subject-matter

jurisdiction is essential to a court's power to decide a case." *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001). Accordingly, without subject matter jurisdiction, a court cannot render a valid judgment. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 74-75 (Tex. 2000). The requirement that a plaintiff have standing to assert a claim derives from two provisions in the Texas Constitution. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008). The first is the separation of powers doctrine, which precludes the judiciary from deciding abstract issues. *Id.* The second is from the open courts provision, which provides court access only to those who have suffered an injury. *Id.*; TEX. CONST. art. I, § 13. If a plaintiff lacks standing, the trial court has no jurisdiction and must dismiss the entire case. *Novak*, 52 S.W.3d at 711.

Standing focuses on who is entitled to bring an action, not on whom it may be brought against. *See Novak*, 52 S.W.3d at 708; *In re Guardianship of Archer*, 203 S.W.3d 16, 23 (Tex. App.–San Antonio 2006, pet. denied). To have standing, a plaintiff must be personally aggrieved and must have suffered a concrete and particularized injury that is actual or imminent, not hypothetical. *Inman*, 252 S.W.3d at 304-05; *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001). In other words, the standing doctrine requires that there be a real controversy between the parties that will be actually determined by the litigation. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). "A plaintiff does not lack standing simply because he cannot prevail on the merits of his claim." *Inman*, 252 S.W.3d at 305.

In claiming Vantage's lack of standing deprived the trial court of jurisdiction, SDISD has confused the jurisdictional concept of standing with the contract defense of lack of privity. *Compare Novak*, 52 S.W.3d 708 (holding standing is prerequisite to subject-matter jurisdiction) *with Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003) (recognizing lack of privity of contract as defense). Standing is essential for a plaintiff to **assert** a claim for breach of

contract; privity of contract is generally essential for a plaintiff to **recover** on a claim for breach of contract. *See id*.

It is undisputed that Vantage was a party to any contract that might exist regarding the C-Net entities and the provision of wireless equipment and services. What is in dispute is whether such a contract, if it existed, was between Vantage and C-Net or Vantage and SDISD. This dispute does not concern Vantage's standing to bring a breach of contract action; rather, it concerns Vantage's ultimate ability to recover against SDISD on such a claim. Vantage pled it had a contract, it provided wireless equipment and services pursuant to the contract, and it was not properly compensated for its performance. Based on its pleadings, Vantage was personally aggrieved, and suffered a concrete and particularized injury. *See Inman*, 252 S.W.3d at 304-05. There is a real controversy between Vantage and SDISD, which will actually be determined – either for or against Vantage – in the breach of contract suit. *See Lovato*, 171 S.W.3d at 849. Vantage does not lack standing simply because it may not ultimately prevail on the merits of its claim. *See Inman*, 252 S.W.3d at 305. Because the pleadings in this case show Vantage alleged it suffered injuries caused by SDISD's wrongful conduct, we hold it has standing to bring suit for those injuries, and the trial court has jurisdiction to rule on the merits of its claim. *See Miranda*, 133 S.W.3d at 226.

Accordingly, we overrule SDISD's issue and affirm the trial court's order.


Steven C. Hilbig, Justice