

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00036-CV

| | | |
|---|---|---|
| In the Interest of C.M.J., A Child | § | From the 233rd District Court |
| | § | of Tarrant County (233-494068-11) |
| | § | December 21, 2012 |
| | § | Opinion by Justice Gabriel |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

It is further ordered that Appellants W.R. and L.R. shall pay all of the costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Lee Gabriel



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-12-00036-CV

IN THE INTEREST OF C.M.J., A
CHILD

----------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants W.R. and L.R.[2] (Grandparents) appeal the trial court's order

appointing S.W. (Father) as the sole managing conservator of C.M.J. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]We use aliases for the child and her relatives throughout this opinion. *See* Tex. R. App. P. 9.8(b)(2).

## Background Facts

C.M.J. lived with K.C. (Mother) until December 28, 2010, when Mother was murdered. After Mother's death, C.M.J. moved in with Grandparents. Father agreed in writing with Grandparents to name them as temporary managing conservators for a six-month period so that C.M.J. could finish the school year in Texas. The agreement was to end in July 2011 when C.M.J. would come to live with Father in North Carolina. On March 23, 2011, Grandparents filed an original petition seeking joint managing conservatorship with Father. Mother and Father were never married, and a child custody determination had not been made during C.M.J.'s life.

Father filed a pro se letter that appears in the record as his answer. In his answer, Father stated, "I feel that it is my responsibility to take care of my daughter. She should be here with me so I can support her emotionally, physically, and financially. . . . I want for [C.M.J.] to experience having a father in her life on a daily basis." Then on August 24, 2011, Father filed a plea to the jurisdiction, arguing that Grandparents lacked standing because they "failed to have [] actual care, control, and possession of [C.M.J.] for at least six months prior to initiating their action."

Grandparents filed a response to Father's plea to the jurisdiction on September 12, 2011, and they also amended their original petition at that time, arguing that they had had "actual care, control, and possession of [C.M.J.] for

over six months at this point." In their response, Grandparents argued that Father's standing argument was now moot.

After a hearing, the trial court appointed Father as sole managing conservator. In its order, the trial court stated that Grandparents did not have standing but that the trial court had jurisdiction over the case. Grandparents filed a "Motion to Vacate Order for Lack of Subject Matter Jurisdiction," agreeing that they did not have standing to file their suit and arguing that the trial court's orders were therefore void for lack of subject matter jurisdiction. Grandparents also filed a motion for new trial. The trial court denied both motions.[3] Grandparents then filed this appeal.[4]

**Discussion**

In their sole issue, Grandparents argue that all of the trial court's orders should be vacated because the trial court did not have subject matter jurisdiction to hear the dispute because Grandparents did not have standing to bring the suit. We review a trial court's determination of standing de novo. *See In re K.K.T.*, No.

---

[3]After the denial of their motions, Grandparents filed a petition for writ of mandamus in this court. In their petition, Grandparents again argued that they did not have standing to file their suit and so the trial court did not have jurisdiction to hear the case. We denied their petition on February 27, 2012.

[4]Father filed a reply brief in this court that contained a number of formal defects. *See* Tex. R. App. P. 9, 38. We notified Father to file an amended brief that complied with the rules of appellate procedure and this court's local rules and that failure to file a compliant brief could result in striking the filed brief. Father did not file an amended brief. We therefore order Father's brief stricken, and we proceed with this appeal as if Father had failed to file a brief. *See* Tex. R. App. P. 38.9(a).

4

07-11-00306-CV, 2012 WL 3553006, at *2 (Tex. App.—Amarillo Aug. 17, 2012, no pet.) (mem. op.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).  The pleadings are taken as true and construed in favor of the pleader.  *Id.*

Standing is considered "a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000).  Standing cannot be attained by waiver and can be challenged at any time.  *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *Sarah v. Primarily Primates, Inc.*, 255 S.W.3d 132, 139 (Tex. App.—San Antonio 2008, pet. denied).   In an original suit, standing is a threshold issue when the petitioner seeks managing conservatorship.  *See In re K.K.C.*, 292 S.W.3d 788, 790 (Tex. App.—Beaumont 2009, orig. proceeding) (citing *In re M.P.B.*, 257 S.W.3d 804, 808 (Tex. App.—Dallas 2008, no pet.)).  The burden to prove standing is on the petitioner.  *See id.*

"The Texas Legislature has provided a comprehensive statutory framework for standing in the context of suits involving the parent-child relationship." *Id.* at 790–91; *see* Tex. Fam. Code Ann. § 102.003 (West Supp. 2012), §§ 102.0035, 102.004 (West 2008), § 102.0045 (West Supp. 2012), § 102.006 (West 2008).  In their original petition, Grandparents relied solely on Texas Family Code section 102.003(a)(9), which provides standing for "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six

5

months ending not more than 90 days preceding the date of the filing of the petition." *See id.* § 102.003(a)(9). To compute the time under this section, "the court may not require that the time be continuous and uninterrupted but shall consider the child's principal residence during the relevant time preceding the date of commencement of the suit." *In re E.G.L.*, 378 S.W.3d 542, 547 (Tex. App.—Dallas 2012, no pet.) (citing Tex. Fam. Code Ann. § 102.003(b)).

Grandparents filed suit on March 23, 2011. C.M.J. lived with Mother until December 2010. Therefore, at the time the suit was filed, C.M.J. had only lived with Grandparents for three months. Almost six months after they originally filed suit, in response to Father's plea to the jurisdiction, Grandparents filed an amended petition alleging that they had standing because they "had actual possession of [C.M.J.] for over six months" *at that point.* However, this is insufficient to constitute standing under section 102.003(a)(9) because standing and subject matter jurisdiction are determined at the time the lawsuit is filed. *See M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001). While Grandparents had actual possession of C.M.J. for over six months at the time they amended their petition, they did not have actual possession of her for six months at the time the lawsuit was filed. Amending their original petition did not confer standing on Grandparents.[5] *See Kilpatrick v. Kilpatrick*, 205 S.W.3d 690, 703 (Tex. App.—Fort Worth 2006, pet. denied) ("Because [plaintiff] lacked

---

[5]Grandparents also do not have standing under any other provisions of the family code. *See* Tex. Fam. Code Ann. §§ 102.003–.004.

standing at the time the action was filed, the suit must be dismissed even if [plaintiff] later acquired an interest sufficient to support standing.").

However, if Father's letter to the trial court filed in answer to Grandparent's petition may be construed as a counter-petition, then the trial court had jurisdiction to hear the case. We construe Father's letter liberally and in his favor. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) (noting that a petition is sufficient if it gives fair and adequate notice of the facts to enable the opposing party to prepare a defense). In his letter, Father stated that he wanted to take care of his daughter, support her, and be in her life "on a daily basis." Under this liberal construction, we conclude that Father's letter was a counter-petition seeking managing conservatorship of C.M.J.

Although Father is not a resident of Texas, the trial court made the finding, which is uncontested by Grandparents, that C.M.J.'s home state is Texas. *See* Tex. Fam. Code Ann. § 152.201 (West 2008) (providing that a court of this state has jurisdiction to make an initial child-custody determination if "this state is the home state of the child on the date of the commencement of the proceeding"). As C.M.J.'s biological father, Father had standing to file suit. *See id.* § 102.003(a)(1); *see also id.* § 102.011(b)(2) (allowing the trial court to exercise personal jurisdiction over a nonresident when he submits to this state's jurisdiction "by filing a responsive document having the effect of waiving any contest to personal jurisdiction"). Therefore, because Father had standing to file suit, and because he filed a counter-petition in response to Grandparent's

7

petition, the trial court had jurisdiction to hear this case. The trial court's order appointing Father as C.M.J.'s sole managing conservator is not void for lack of subject matter jurisdiction. We overrule Grandparents' sole issue.

## Conclusion

Having overruled Grandparents' sole issue, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED: December 21, 2012