02-12-036-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00036-CV

 

 


 
 
 In
 the Interest of C.M.J., A Child
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 233rd District
 Court
  
 of
 Tarrant County (233-494068-11)
  
 December
 21, 2012
  
 Opinion
 by Justice Gabriel
 
 


JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

          It
is further ordered that Appellants W.R. and L.R. shall pay all of the costs of
this appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Lee Gabriel

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-12-00036-CV


 
 
 In the Interest of C.M.J., A Child
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

FROM THE 233rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellants
W.R. and L.R.[2]
(Grandparents) appeal the trial court’s order appointing S.W. (Father) as the
sole managing conservator of C.M.J.  We affirm.

Background
Facts

C.M.J.
lived with K.C. (Mother) until December 28, 2010, when Mother was murdered.  After
Mother’s death, C.M.J. moved in with Grandparents.  Father agreed in writing
with Grandparents to name them as temporary managing conservators for a
six-month period so that C.M.J. could finish the school year in Texas.  The
agreement was to end in July 2011 when C.M.J. would come to live with Father in
North Carolina.  On March 23, 2011, Grandparents filed an original petition seeking
joint managing conservatorship with Father.  Mother and Father were never
married, and a child custody determination had not been made during C.M.J.’s life.

          Father
filed a pro se letter that appears in the record as his answer.  In his answer,
Father stated, “I feel that it is my responsibility to take care of my
daughter.  She should be here with me so I can support her emotionally,
physically, and financially. . . .  I want for [C.M.J.] to experience having a
father in her life on a daily basis.”  Then on August 24, 2011, Father filed a
plea to the jurisdiction, arguing that Grandparents lacked standing because
they “failed to have [] actual care, control, and possession of [C.M.J.] for at
least six months prior to initiating their action.” 

Grandparents
filed a response to Father’s plea to the jurisdiction on September 12, 2011,
and they also amended their original petition at that time, arguing that they
had had “actual care, control, and possession of [C.M.J.] for over six months
at this point.”  In their response, Grandparents argued that Father’s standing
argument was now moot. 

After
a hearing, the trial court appointed Father as sole managing conservator.  In
its order, the trial court stated that Grandparents did not have standing but that
the trial court had jurisdiction over the case.  Grandparents filed a “Motion
to Vacate Order for Lack of Subject Matter Jurisdiction,” agreeing that they
did not have standing to file their suit and arguing that the trial court’s
orders were therefore void for lack of subject matter jurisdiction. 
Grandparents also filed a motion for new trial.  The trial court denied both motions.[3] 
Grandparents then filed this appeal.[4]

Discussion

          In
their sole issue, Grandparents argue that all of the trial court’s orders
should be vacated because the trial court did not have subject matter
jurisdiction to hear the dispute because Grandparents did not have standing to
bring the suit.  We review a trial court’s determination of standing de novo.
See In re K.K.T., No. 07-11-00306-CV, 2012 WL 3553006, at *2 (Tex.
App.—Amarillo Aug. 17, 2012, no pet.) (mem. op.) (citing Tex. Dep’t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004)).  The pleadings
are taken as true and construed in favor of the pleader.  Id.  

Standing
is considered “a prerequisite to subject-matter jurisdiction, and
subject-matter jurisdiction is essential to a court’s power to decide a
case.”   Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 553–54 (Tex.
2000).  Standing cannot be attained by waiver and can be challenged at any time. 
See Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
445 (Tex. 1993); Sarah v. Primarily Primates, Inc., 255 S.W.3d 132, 139
(Tex. App.—San Antonio 2008, pet. denied).   In an original suit, standing is a
threshold issue when the petitioner seeks managing conservatorship.  See
In re K.K.C., 292 S.W.3d 788, 790 (Tex. App.—Beaumont 2009, orig.
proceeding) (citing In re M.P.B., 257 S.W.3d 804, 808 (Tex. App.—Dallas
2008, no pet.)).  The burden to prove standing is on the petitioner.  See id. 


“The
Texas Legislature has provided a comprehensive statutory framework for standing
in the context of suits involving the parent-child relationship.” Id. at
790–91; see Tex. Fam. Code Ann. § 102.003 (West Supp. 2012), §§ 102.0035,
102.004 (West 2008), § 102.0045 (West Supp. 2012), § 102.006 (West 2008). 
In their original petition, Grandparents relied solely on Texas Family Code
section 102.003(a)(9), which provides standing for “a person, other than a
foster parent, who has had actual care, control, and possession of the child
for at least six months ending not more than 90 days preceding the date of the
filing of the petition.”  See id. § 102.003(a)(9).  To
compute the time under this section, “the court may not require that the time
be continuous and uninterrupted but shall consider the child’s principal
residence during the relevant time preceding the date of commencement of the
suit.”  In re E.G.L., 378 S.W.3d 542, 547 (Tex. App.—Dallas 2012, no
pet.) (citing Tex. Fam. Code Ann. § 102.003(b)).

Grandparents
filed suit on March 23, 2011.  C.M.J. lived with Mother until December 2010. 
Therefore, at the time the suit was filed, C.M.J. had only lived with
Grandparents for three months.  Almost six months after they originally
filed suit, in response to Father’s plea to the jurisdiction, Grandparents
filed an amended petition alleging that they had standing because they “had
actual possession of [C.M.J.] for over six months” at that point.  However,
this is insufficient to constitute standing under section 102.003(a)(9) because
standing and subject matter jurisdiction are determined at the time the lawsuit
is filed.  See M.D. Anderson Cancer Ctr. v. Novak, 52 S.W.3d 704, 708
(Tex. 2001).  While Grandparents had actual possession of C.M.J. for over six
months at the time they amended their petition, they did not have actual
possession of her for six months at the time the lawsuit was filed.  Amending
their original petition did not confer standing on Grandparents.[5]  See Kilpatrick v.
Kilpatrick, 205 S.W.3d 690, 703 (Tex. App.—Fort Worth 2006, pet. denied)
(“Because [plaintiff] lacked standing at the time the action was filed, the
suit must be dismissed even if [plaintiff] later acquired an interest
sufficient to support standing.”).  

However,
if Father’s letter to the trial court filed in answer to Grandparent’s petition
may be construed as a counter-petition, then the trial court had jurisdiction
to hear the case.  We construe Father’s letter liberally and in his favor.  See
Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000)
(noting that a petition is sufficient if it gives fair and adequate notice of
the facts to enable the opposing party to prepare a defense).  In his letter,
Father stated that he wanted to take care of his daughter, support her, and be
in her life “on a daily basis.”  Under this liberal construction, we conclude
that Father’s letter was a counter-petition seeking managing conservatorship of
C.M.J.  

Although
Father is not a resident of Texas, the trial court made the finding, which is
uncontested by Grandparents, that C.M.J.’s home state is Texas.  See
Tex. Fam. Code Ann. § 152.201 (West 2008) (providing that a court of this
state has jurisdiction to make an initial child-custody determination if “this
state is the home state of the child on the date of the commencement of the
proceeding”).  As C.M.J.’s biological father, Father had standing to file suit. 
See id. § 102.003(a)(1); see also id. § 102.011(b)(2)
(allowing the trial court to exercise personal jurisdiction over a nonresident
when he submits to this state’s jurisdiction “by filing a responsive document having
the effect of waiving any contest to personal jurisdiction”).  Therefore,
because Father had standing to file suit, and because he filed a
counter-petition in response to Grandparent’s petition, the trial court had
jurisdiction to hear this case.  The trial court’s order appointing Father as
C.M.J.’s sole managing conservator is not void for lack of subject matter
jurisdiction.  We overrule Grandparents’ sole issue.

Conclusion

Having
overruled Grandparents’ sole issue, we affirm the trial court’s judgment.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DELIVERED: December 21, 2012









 









[1]See Tex. R. App. P. 47.4.





[2]We use aliases for the child
and her relatives throughout this opinion.  See Tex. R. App. P.
9.8(b)(2).





[3]After the denial of their
motions, Grandparents filed a petition for writ of mandamus in this court.  In
their petition, Grandparents again argued that they did not have standing to
file their suit and so the trial court did not have jurisdiction to hear the
case.  We denied their petition on February 27, 2012.





[4]Father filed a reply brief
in this court that contained a number of formal defects.  See Tex. R.
App. P. 9, 38.  We notified Father to file an amended brief that complied with
the rules of appellate procedure and this court’s local rules and that failure
to file a compliant brief could result in striking the filed brief.  Father did
not file an amended brief.  We therefore order Father’s brief stricken, and we
proceed with this appeal as if Father had failed to file a brief.  See
Tex. R. App. P.  38.9(a).





[5]Grandparents also do not
have standing under any other provisions of the family code.  See Tex.
Fam. Code Ann. §§ 102.003–.004.