

**NUMBER 13-13-00209-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE DAVIS LAW FIRM,                                                    Appellant,

v.

JAMES BATES AND CONSUMERS
COUNTY MUTUAL INSURANCE COMPANY,                      Appellees.

**On appeal from the County Court at Law No. 2 of
Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion by Justice Garza**

By several issues, appellant, the Davis Law Firm ("Davis"), contends the trial court

erred in granting summary judgment in favor of appellees, James Bates and Consumers

County Mutual Insurance Company ("Consumers"), and in denying Davis's motion for

summary judgment. We affirm.

## I. BACKGROUND

On January 15, 2008, Marta Tapia and Bates were involved in an automobile accident in Brownsville, Texas. Tapia sued Bates for injuries sustained in the accident. Consumers defended Bates and, in May 2009, paid $200,000.00 to Tapia in settlement of her claims against Bates.

Either the same day as the accident or the following day, Tapia visited Davis's Brownsville office. Tapia spoke with a Davis staff employee and signed a contingency fee contract. The agreement provided for Davis to receive a thirty-five percent (35%) contingency fee of any amount Tapia recovered before filing suit. After leaving Davis's office, Tapia felt uncomfortable and that she had not been treated with consideration. A family friend called to check on her and recommended that she retain Javier Villarreal to represent her. The following day, Tapia visited Villarreal's office and asked that he represent her. Tapia told Villarreal that she had signed a contingency fee agreement with Davis. Villarreal prepared a letter for her signature advising Davis that she did not want to retain the firm's services. The letter was faxed to Davis's office that day.[1]

In February 2008, Davis advised Bates's insurer, Travelers Insurance,[2] that Tapia had released Davis from representing her, but that Davis retained its interest in the claim. The letter requested that Davis be included in any settlement check regarding Tapia's claims. In December 2009, after the settlement, Davis sent a demand letter to Travelers

---

[1] We note that the contingency fee agreement and the letter to Davis are both dated the same day, January 16, 2008.

[2] Although the record does not explain the relationship between Travelers and Consumers, we note that Davis's Third Amended Petition refers to Davis's notice and demand letters as having been sent to Consumers.

demanding payment of its fee in the amount of 33.3 percent of the settlement amount.

Davis sued Bates and Consumers for interference with a contract, conversion, and enforcement of its fee agreement.[3] Bates and Consumers each filed a traditional motion for summary judgment, asserting that they were entitled to summary judgment on grounds that: (1) the contingency fee contract was unconscionable as a matter of law and unenforceable because it required Davis's consent to any settlement in violation of Texas Disciplinary Rule of Professional Conduct 1.02(a)(2), *see* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.02(a)(2), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G, app. A (West 2013) (TEX. STATE BAR R. art. X, § 9), and therefore, that the agreement was voidable pursuant to government code section 82.065(b), *see* TEX. GOV'T CODE ANN. § 82.065(b) (West 2013); and (2) Davis's attempt to collect a $70,000 fee for no useful services to Tapia was an attempt to collect an unconscionable fee. Consumers and Bates also asserted that Davis's tortious interference and conversion claims failed as a matter of law because: (1) Tapia properly canceled the fee agreement before the alleged interference; and (2) Davis had no right to possess the funds at the time of the alleged conversion.[4]

Consumers attached the following evidence to its traditional motion for summary judgment: (1) excerpts from Tapia's deposition testimony; (2) Davis's responses to Consumers's discovery requests; and (3) an affidavit and report prepared by Frank Costilla, a Brownsville attorney, regarding the unconscionability of Davis's claim to the

---

[3] Davis's Third Amended Petition states that it brings its suit "by and through" its former client, Tapia.

[4] We note that Bates's and Consumers's motions for summary judgment asserted the same grounds and relied on the same evidence except that Bates's motion also asserted that: (1) Davis named Bates as a party but did not assert that he did anything wrong; and (2) Davis did not request issuance of citation and service on Bates until four months after the statute of limitations had expired on all claims against Bates. Because we conclude that the trial court properly granted summary judgment on grounds asserted by both parties, we address Bates's and Consumers's motions together.

$70,000 fee.[5]

Davis also filed a traditional motion for summary judgment asserting that: (1) Tapia lacked good cause to discharge Davis; (2) Consumers was liable to Davis for the amount of the fee because it had notice of Davis's interest in the $70,000 fee; and (3) even if a provision of the contingency fee contract was unconscionable, the trial court erred in failing to eliminate the unconscionable provision and to enforce the remaining provisions of the contract. Davis attached the following summary judgment evidence: (1) Tapia's deposition testimony; (2) the contingent fee agreement; (3) the February 2008 letter from Davis to Consumers; (4) the deposition of William Edwards[6]; (5) a copy of the settlement agreement; and (6) a copy of the settlement check.

Consumers and Bates filed objections to Edwards's deposition testimony and affidavit on grounds that Edwards offered opinions on questions of law, failed to employ the correct legal standard, and that his opinions were speculative and conclusory. The trial court overruled Davis's objections to Consumers's and Bates's evidence, denied Davis's motion, sustained Consumers' and Bates's objections to Davis's evidence, and granted Consumers's and Bates's motions without stating the basis for its ruling.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a summary judgment case, the movant must show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex.

---

[5] Bates's motion attached the excerpts of Tapia's deposition testimony and Davis's discovery responses.

[6] William Edwards, a personal injury litigator and Davis's retained expert, stated in his deposition testimony that the fee agreement was not unconscionable because the 35% fee was fair when Tapia signed the agreement.

4

2003).  The movant has the burden of proof.  *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).  A defendant who conclusively negates at least one essential element of the plaintiff's cause of action, or who conclusively establishes all of the elements of an affirmative defense, is entitled to summary judgment.  *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).  The burden to raise a fact issue shifts to the non-movant only after the movant has established that it is entitled to summary judgment as a matter of law.  *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999); *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989).

We review a traditional motion for summary judgment de novo.  *Frost Nat'l Bank*, 315 S.W.3d at 508.  To determine if the non-movant raised a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reasonable jurors could not.  *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

When both sides move for summary judgment, and the trial court grants one and denies the other, we review both sides' evidence and determine all questions presented. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *Lumbreras v. Rocha*, No. 13-10-00459-CV, 2012 WL 29215, at *1 (Tex. App.—Corpus Christi Jan. 5, 2012, no pet.) (mem. op.).  The reviewing court must then render the judgment that the trial court should have rendered. *See FM Props. Operating Co.,* 22 S.W.3d at 872.  "When a trial court's order granting summary judgment does not specify

the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious." *Id.*

## III. DISCUSSION

Davis characterizes its issues as follows: (1) the trial court erred by granting summary judgment in favor of Bates and Consumers and by denying summary judgment in Davis's favor; (2) Consumers had no standing to challenge the validity of the contingency fee contract;[7] (3) Davis was entitled to collect its contingency fee because Tapia terminated the agreement without good cause and Consumers knew of Davis's fee interest; (4) Consumers failed to prove that the contingency fee contract was unconscionable at the time of its formation; and (5) even if the clause requiring Davis's consent to settlement was invalid, the trial court erred in failing to sever the invalid clause and in failing to enforce the remainder of the contract.

### A. The Summary Judgment Motions

Bates and Consumers moved for summary judgment on the ground that the contingency fee agreement was voidable by Tapia because it included a clause prohibiting settlement without Davis's consent in violation of Texas Disciplinary Rule of

---

[7] Davis asserts that neither Consumers nor Bates had "standing" to challenge Tapia's contingency fee contract with Davis. "[S]tanding focuses on the question of who may bring an action." *The M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001) (quoting *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998)); *see Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex. 1996) ("A plaintiff has standing when it is personally aggrieved."). "Questions of standing turn upon the status of the plaintiff rather than the status of the defendant." *Robinson v. Neeley*, 192 S.W.3d 904, 912 (Tex. App.—Dallas 2006, no pet.). Here, Davis, the plaintiff, sued Bates and Consumers, and then challenged their standing. We conclude Davis's second issue is without merit, and we overrule it.

Professional Conduct 1.02(a)(2). *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.02(a)(2). Rule 1.02(a)(2) requires an attorney to "abide by a client's decision" regarding whether to accept a settlement offer. *Id.* Comment 5 following the rule provides, in pertinent part: "An agreement concerning the scope of representation must accord with the Disciplinary Rules of Professional Conduct and other law. Thus, the client may not be asked . . . to surrender . . . the right to settle or continue litigation that the lawyer might wish to handle differently." *Id.* cmt. 5; *see In re Plaza*, 363 B.R. 517, 521–22 (2007) ("Clauses in a contract between attorney and client which prohibit a settlement by the client without his attorney's consent are generally held to be unenforceable as against public policy.") (quoting *Lewis v. S.S. Baume*, 534 F.2d 1115, 1122 (5th Cir. 1976)); *Sanes v. Clark*, 25 S.W.3d 800, 805 (Tex. App.—Waco 2000, pet. denied) (holding that contingent fee contract authorizing attorney to settle clients' claims without consultation with clients was voidable by clients because it violated rule 1.02(a)(2)). Here, the contingency fee contract required Tapia to obtain Davis's consent to settle ("Neither Client nor Attorney will make a settlement of the claim herein or accept any sum without consent of the other . . . ."). We conclude that the provision violates rule 1.02(a)(2) and is unenforceable as against public policy. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.02(a)(2) cmt. 5; *In re Plaza*, 363 B.R. at 521–22; *Sanes*, 25 S.W.3d at 805; *see also Cruse v. O'Quinn*, 273 S.W.3d 766, 775 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (holding that "a court may deem [the Disciplinary Rules] to be an expression of public policy, so that a contract violating them is unenforceable as against public policy"). We hold that the trial court did not err in granting summary judgment in favor of Bates and Consumers on this basis.

7

In its motion, Davis argued that it was entitled to summary judgment because Consumers had notice of Davis's claim to the 35% contingency fee, but Consumers nonetheless failed to protect the firm's interest. Davis argues that Consumers is therefore liable for the $70,000 fee. Davis also argues that in determining whether a 35% fee is unconscionable, we should look to the circumstances at the time the parties executed the agreement, "rather than using hindsight to see what work was actually done on the case."

We are unpersuaded by Davis's arguments. We have already determined that because the contingent fee agreement prohibited settlement without Davis's consent, it was unenforceable as against public policy. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.02(a)(2) cmt. 5; *In re Plaza*, 363 B.R. at 521–22; *Sanes*, 25 S.W.3d at 805. Moreover, Tapia properly terminated the agreement less than twenty-four hours after she signed the agreement. It is undisputed that Tapia terminated the agreement before she met or consulted with any attorney at the Davis firm. Davis has not identified any legal work that it performed on Tapia's behalf. "Public policy strongly favors a client's freedom to employ a lawyer of his choosing and, except in some instances where counsel is appointed, to discharge the lawyer during the representation for any reason or no reason at all." *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 562 (Tex. 2006); *see* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.15 cmt. 4 ("A client has the power to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services . . . ."). Regardless, because the trial court could have properly determined that the contingency fee contract was unenforceable as against public policy, it did not err in denying Davis's motion for summary judgment. We overrule Davis's first issue.

By its second issue, Davis contends that neither Bates nor Consumers had standing to step into Tapia's shoes and challenge the validity of her contingency fee contract with Davis. We agree with Consumers and Bates that Davis's standing argument is irrelevant and without merit. Davis is only entitled to its 35% contingency fee if the contract is enforceable, and we have determined that it was unenforceable as against public policy. We overrule Davis's second issue.

By its third issue, Davis contends it was entitled to collect its contingency fee because Tapia terminated her agreement with Davis without good cause. By its fourth issue, it contends that Consumers has not shown that the 35% contingency fee was unconscionable at the time Tapia signed the agreement. We have already determined that the agreement is unenforceable as against public policy and that Davis was therefore not entitled to the fee. We overrule Davis's third and fourth issues as moot.

## B. Severability of Unconscionable Provision

By its fifth issue, Davis argues that even if the provision prohibiting settlement without its consent is invalid, the provision is severable and the remainder of the agreement is enforceable. Davis cites *Hoover Slovacek* in support of the principle that if a term within a contract is unconscionable at the time the contract is made, a court may enforce the remainder of the contract or may limit the application of the objectionable clause. *See* 206 S.W.3d at 565 (holding that a termination fee provision was unconscionable, but that remainder of the fee agreement was enforceable). Assuming, without deciding, that the provision prohibiting settlement without Davis's consent was severable, we nonetheless conclude that Davis is not entitled to enforcement of the agreement because charging a $70,000 fee for no legal services performed is an

9

unconscionable fee. "A fee is unconscionable if a competent lawyer could not form a reasonable belief that the fee is reasonable." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(a). Here, Davis has not identified any legal services it performed on Tapia's behalf in the twenty-four hours or less that it represented her. As noted, Tapia was interviewed by a Davis employee and did not at any time meet or consult with a lawyer from the Davis firm. Thus, even if we assume, without deciding, that Davis was discharged without cause, its right to seek compensation in quantum meruit or in a suit to enforce the contract is subject to the prohibition against charging or collecting an unconscionable fee. *See id.*; *Hoover Slovacek*, 206 S.W.3d at 561. We conclude that Davis is not entitled to enforcement of the remainder of the contract. We overrule Davis's fifth issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
13th day of February, 2014.

10