

## NUMBER 13-13-00581-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| MARY FOWLER, | **Appellant,** |
| v. | |
| GUS MONTIS, ARGIRO INVESTMENTS, LLC, | **Appellee.** |

On appeal from the County Court No. 5
of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Mary Fowler appeals the county court's judgment of eviction awarded in

favor of Gus Montis and Argiro Investments, LLC. Fowler argues Montis lacked standing

and capacity to pursue the forcible detainer action. We agree. We vacate and render judgment dismissing the suit.

## I. BACKGROUND

### A. Justice Court

Montis filed a forcible detainer action against Fowler in his own name. All of the justice court documents, including the forcible detainer petition, the citation directed to Fowler, and the court's judgment, name Montis as the only plaintiff. The justice court ruled in Montis's favor. The judgment does not mention Argiro Investments, L.L.C.

### B. County Court

Fowler appealed to the county court. Montis did not file any pleadings in the county court. Attorney Jacyr Heil sent the county court a letter of representation, telling the county court he represented Montis. There is no letter of representation for Argiro Investments, L.L.C.

The first time Argiro Investments, L.L.C. was named as a plaintiff was in Fowler's "Second Amended Original Answer," which she filed in the county court. Fowler attached a copy of her written lease agreement to her answer. The lease names Argiro Investments, L.L.C. as the landlord. Montis signed his name on the landlord's signature line. Fowler also attached a Nueces County Tax Office printout, which names Argiro Investments, L.L.C. as the property owner, and a "Substitute Trustee's Deed," which shows Argiro Investments, L.L.C. purchased the property. Montis testified that he owns the property and is the only member of Argiro Investments, L.L.C. The county court entered judgment in favor of Montis and Argiro Investments, L.L.C.

2

## II. STANDING

By two issues, which we construe as one, Fowler argues Montis lacked standing and capacity to bring the forcible detainer action because Argiro Investments, L.L.C. owned the property. "Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case." *M.D. Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). It can be raised at any time. *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 580 (Tex. 2013); *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).

Although Montis is the only member of Argiro Investments, L.L.C., a limited liability company is considered a separate legal entity from its members. *See Geis v. Colina Del Rio, L.P.*, 362 S.W.3d 100, 109 (Tex. App.—San Antonio 2011, pet. denied); *see also Barrera v. Cherer*, No. 04-13-00612-CV, 2014 WL 1713522, at *2 (Tex. App.—San Antonio Apr. 30, 2014, no pet.) (mem. op.). A member of a limited liability company does not have an interest in any of the company's specific property. TEX. BUS. ORGS. CODE ANN. § 101.106(b) (West, Westlaw through 2013 3d C.S.); *see Barrera*, 2014 WL 1713522, at *2. "A member of a limited liability company may be named as a party in an action by . . . the limited liability company only if the action is brought to enforce the member's right against or liability to the company. TEX. BUS. ORGS. CODE ANN. § 101.113 (West, Westlaw through 2013 3d C.S.); *see Barrera*, 2014 WL 1713522, at *2. Montis did not bring suit against Fowler to enforce his right against or liability to Argiro Investments, L.L.C.

3

Montis insists that because he signed the lease in the blank provided for the landlord, he has standing. Although his signature may insufficiently reflect his representative capacity, see TEX. BUS. & COM. CODE ANN. § 3.402 (West, Westlaw through 2013 3d C.S.), it does not give him standing to bring company claims. A member of a limited liability company lacks standing to assert claims individually where the cause of action belongs to the company. *See Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 250–51 (Tex. App.—Dallas 2005, no pet.); *see also Wingate v. Hajdick*, 795 S.W.2d 717, 719 (Tex. 1990) (holding individual stakeholder of a legal entity does not have the right to personally recover for harms done to the legal entity); *APM Enters., L.L.C. v. Nat'l Loan Acquistions Co.*, No. 06-14-00027-CV, 2014 WL 5317753, at *7 (Tex. App.—Texarkana Oct. 17, 2014, no pet. h.) (mem. op.) (holding limited liability member has no standing to bring company's causes of action); *Barrera*, 2014 WL 1713522, at *2 (holding limited liability member lacked standing to bring forcible detainer action against tenant on property owned by limited liability company). We conclude Montis lacked standing to bring the company's forcible detainer action against Fowler.

Montis contends Fowler's inclusion of Argiro Investments, L.L.C. as a party in her pleadings renders it a party, but there is no record that the parties or the county court added Argiro Investments, L.L.C. as a party or that it participated in the case. *See generally* TEX. R. CIV. P. 37–40 (outlining the requisite service process, timelines, and steps to joining parties). Argiro Investments, L.L.C. was not officially made a party to the

4

forcible detainer action, and Montis lacked standing to bring it. We sustain Fowler's issue.[1]

### III. CONCLUSION

We vacate the county court's judgment and render judgment dismissing the forcible detainer action suit brought by Montis.

_____
GREGORY T. PERKES
Justice

Delivered and filed the 20th
day of November, 2014.

_____

[1] We do not determine whether Argiro Investments, L.L.C. would have standing to bring forcible detainer.

5