**AFFIRM; Opinion Filed March 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00623-CV

**KEANE LANDSCAPING, INC., KEVIN KEANE, AND AMY KEANE, Appellants**
**V.**
**THE DIVINE GROUP, INC., Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-08287**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lewis

Appellants Keane Landscaping, Inc., and Kevin and Amy Keane appeal from a trial verdict in favor of appellee, The Divine Group, Inc. ("Divine"). In two issues, appellants claim the trial court erred by failing to find (1) Divine lacked standing as a matter of law; and (2) Divine was judicially estopped from pursuing this suit below. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We conclude Divine had standing and was not judicially estopped from pursuing its claims. Therefore, we affirm the trial court's judgment.

In July 2007, Kevin and Amy Keane contracted to do business with Donna Chase-Sailer who was doing business as DCS Interior Design ("DCS"). In September 2007, Chase-Sailer formed Divine as a Texas corporation. In December 2008, the Keanes became past due on

paying their bill and received a formal collection notice from an attorney representing Divine who requested payment of $31,112.08 for amounts due.

In July 2009, Divine initiated this suit against the Keanes for breach of contract, quantum meruit, and suit on a sworn account. While this suit was pending in the trial court, Chase-Sailer filed a Chapter 7 personal bankruptcy in May 2011. On August 9, 2011, the Keanes became aware of the bankruptcy. Chase-Sailer was discharged from her personal bankruptcy on August 15, 2011.

This case proceeded with a bench trial in which the court awarded Divine $15,377.06 in actual damages, $11,000 in attorney fees, interest, and court costs. Divine did not request, and the trial court did not issue, findings of fact and conclusions of law.

In a nonjury trial where no findings of fact or conclusions of law are issued, all facts necessary to support the judgment and supported by the evidence are implied. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency. *Id.* Accordingly, we review a trial court's fact findings by the same standards used to review the sufficiency of the evidence to support a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994*); Lanier v. Eastern Founds.*, 401 S.W.3d 445, 459 (Tex.—Dallas 2013, no pet.). We consider and weigh all of the evidence in the case to determine whether the evidence is insufficient or if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). When reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the fact-finding, credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *See City of Keller*, 168

S.W.3d at 827. The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

Appellants' first issue contends the trial court erred by denying appellants' plea to the jurisdiction alleging Divine's lack of standing to bring this suit. Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case. *M.D. Anderson Cancer Center v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). "Standing focuses on the question of who may bring an action." *M.D. Anderson*, 52 S.W.3d at 708 (citing *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998)). We review a plea questioning the trial court's subject matter jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In deciding a plea to the jurisdiction, a court must not weigh the claims' merits and should consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

Appellants contend that when Chase-Sailer filed for bankruptcy protection, this cause of action became property of the estate and the bankruptcy trustee would have been the only party with standing to prosecute this claim. Standing is determined at the time suit is filed in the trial court, and subsequent events do not deprive the court of subject matter jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 n. 9 (Tex. 1956) (citing *Carr v. Alta Verde Indus., Inc.*, 931 F.2d 1055, 1061 (5th Cir. 1991)). In this case, appellants are focusing on subsequent events because this suit was filed by Divine two years *before* Chase-Sailer filed for personal bankruptcy protection. Further, even though Chase-Sailer did file a personal bankruptcy action after Divine initiated this suit, there is no evidence that Divine filed for any type of bankruptcy protection. We conclude Divine's standing in this case is not determined by the

–3–

subsequent actions of Chase-Sailer individually and we resolve appellants' first issue against them.

Appellants' second issue contends the trial court erred by failing to find the doctrine of judicial estoppel barred Divine's claims because of Chase-Sailer's prior, inconsistent statements in bankruptcy court and her privity with Divine. "The doctrine of judicial estoppel is designed to protect the integrity of the judicial process by preventing a party from 'playing fast and loose' with the courts to suit his own purposes." *Bailey-Mason v. Mason*, 334 S.W.3d 39, 43 (Tex. App.—Dallas 2008, pet. denied) (citing *Webb v. City of Dallas*, 211 S.W.3d 808, 820 (Tex. App.—Dallas 2006, pet. denied)). Judicial estoppel bars a party from successfully maintaining a position in one action and then maintaining an inconsistent position in a subsequent action. *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008); *Mason*, 334 S.W.3d at 43. Likewise, if a party prevails in court after asserting one version of the facts, he cannot attempt to prevail in a later proceeding by asserting those same facts are not true. *OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.*, 234 S.W.3d 726, 742 (Tex. App.—Dallas 2007, pet. denied). Judicial estoppel is not strictly speaking estoppel; it is actually a rule of procedure that is based on justice and sound public policy. *Schubert*, 264 S.W.3d at 6. Judicial estoppel operates to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage. *Id.*

For judicial estoppel to apply, a party must take an affirmative position that is successfully adopted by the court in an earlier proceeding and is contrary to the position the party now seeks to invoke. *Cooper v. Cochran*, 288 S.W.3d 522, 538 (Tex. App–Dallas 2009, no pet.). Appellants fail to show, and we have not found, any evidence in the record to establish that Divine took a position in the bankruptcy court that is contrary to the position taken in this case. Further, we find no evidence that Divine filed for bankruptcy protection at all. In her personal

bankruptcy schedules, Chase-Sailer did indeed list a business debt owed by Kevin Keane with a zero value and she further listed 100% interest in Divine as her personal property. Chase-Sailer listed the value of her interest in Divine at $100. We find no evidence in the record showing the value of Divine to be anything different than the $100 Chase-Sailer claimed; the record does not contain any financial statements regarding the value of the corporation. The record does contain invoices to support Divine's claims against appellants, all of which were billed after Chase-Sailer incorporated and began doing business as Divine. We do not find it inconsistent for this suit to be of zero value to Chase-Sailer personally, but of positive value to the corporation. Absent any evidence to the contrary, we conclude appellants failed to show the trial court erred in ruling against them on their defense of judicial estoppel, and we resolve appellants' second issue against them.[1]

Having resolved appellants' two issues against them, we affirm the trial court's judgment.

/David Lewis/  
DAVID LEWIS  
JUSTICE

120623F.P05

---

[1] Because we have concluded appellants have failed to show inconsistent statements as required to support judicial estoppel, we do not address appellants' issue of privity.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEANE LANDSCAPING, INC., KEVIN
KEANE, AND AMY KEANE, Appellants

No. 05-12-00623-CV      V.

THE DIVINE GROUP, INC., Appellee

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-09-08287.
Opinion delivered by Justice Lewis.
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee THE DIVINE GROUP, INC. recover its costs of this
appeal and the full amount of the trial court's judgment from appellants KEANE
LANDSCAPING, INC., KEVIN & AMY KEANE and from the cash deposit in lieu of cost
bond. After all costs have been paid, the Dallas County District Clerk is directed to release the
balance, if any, of the cash deposit to appellants.

Judgment entered this 13th day of March, 2014.

/David Lewis/
DAVID LEWIS
JUSTICE