**Emilio HERRERA a/k/a Emilio Armendariz, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–98–00440–CR.**

Court of Appeals of Texas, El Paso.

Feb. 29, 2000.

Rehearing Overruled June 21, 2000.

Enrique Medrano, El Paso, for Appellant.

Rebecca Estrada, Asst. Dist. Atty., Jaime E. Esparza, Dist. Atty., John L. Davis, Asst. Dist. Atty., El Paso, for State.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *O P I N I O N*

DAVID WELLINGTON CHEW, Justice.

The State charged Emilio Herrera with assaulting his wife, Maria Nunez. He filed a pretrial application for writ of habeas corpus, asserting that his *wife's* constitutional rights as a crime victim had been violated because she wanted the case against him dismissed. The trial court held a writ hearing and Herrera introduced an affidavit from Ms. Nunez stating her desire to have the case dismissed. The court denied the writ. At trial, Herrera renewed his objection to continued prosecution and again requested habeas corpus relief. The trial court again denied the motion. The court found that Herrera had no standing to try to avoid testimony by a complaining witness and that the Texas Constitution does not provide the victim the right to have a case dismissed. The court also granted the State's motion in limine prohibiting Ms. Nunez from testifying that she did not want the prosecution to proceed against her husband. After a jury trial, Herrera was found guilty of the assault and the court sentenced him to eight months' jail time.

Herrera presents three issues on appeal that argue that the Texas Constitution was violated by his prosecution. He first argues that his prosecution violated Article I, sec. 30(a)(1) of the Texas Constitution. Next, he argues that prohibiting the victim's testimony that she did not desire to have him prosecuted also violated Article I, sec. 30(a)(1) of the Texas Constitution. Finally, he complains that the trial court erred in requiring the victim to be called as a witness by the State and that Article 38.10 of the Texas Code of Criminal Procedure violates Article I, sec. 30(a)(1) of the Texas Constitution.

Herrera's appeal rests squarely on the shoulders of alleged violations of rights afforded by the Texas Constitution to the *victim* of his crime. The State maintains that Appellant does not have standing to assert the rights of the victim and that the Texas Constitution forbids such action. We hold that as well.

Article I, sec. 30(a) of the Texas Constitution provides crime victims the right to

be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process and the right to be reasonably protected from the accused throughout the criminal justice process. *See* TEX. CONST. art. I, § 30(a). Appellant argues that by refusing to dismiss the prosecution despite his victim's desire not to prosecute, that by refusing to permit his victim to testify that she did not desire to have him prosecuted, and by requiring her to be called as a witness by the State, his victim's rights to privacy under Article I, sec. 30(a) were violated. However, Article I, sec. 30(e) of the Texas Constitution states that "[t]he failure or inability of any person to provide a right or service enumerated in this section may not be used by a defendant in a criminal case as a ground for appeal or post-conviction writ of habeas corpus." TEX. CONST. art. I, § 30(e). Section 30(e) goes on to state that "[a] victim or guardian or legal representative of a victim has standing to enforce the rights enumerated in this section but does not have standing to participate as a party in a criminal proceeding or to contest the disposition of any charge." TEX. CONST. art. I, § 30(e).

 The plain and unambiguous language of the Constitution provides no support for Herrera's complaints and specifically inhibits them. Not only does he lack standing to assert the rights of his victim, his victim lacks standing to participate as a party in the criminal action or to contest disposition of the charge. Furthermore, he is specifically prohibited from asserting violations of his victim's rights as a ground for appeal.

We overrule all three issues and affirm the judgment of the trial court.