

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-23-00026-CV

JEFFREY LEE GASTON, APPELLANT

V.

THE STATE OF TEXAS FOR THE PROTECTION OF A.G., APPELLEE

On Appeal from the 274th District Court
Comal County, Texas
Trial Court No. C2022-0470C, Honorable Deborah L. Wigington, Presiding

August 28, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Through two issues, Appellant, Jeffrey Gaston, complains that the trial court lacked subject-matter jurisdiction to render a lifetime protective order under Texas Family Code Chapter 85 in favor of his wife, A.G. Both of Gaston's arguments depend on the premise that the State lacks standing to pursue a protective order once the alleged victim withdraws her consent.[1] We disagree and affirm the trial court's order.

---

[1] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. See TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

**Background**

On March 22, 2022, the State filed an *Application for Protective Order* for A.G.'s protection. In an affidavit supporting the request for ex parte relief, A.G. described abuse allegedly inflicted on her by Appellant, including the following:

> [Appellant] said 'that's it' and picked up his gun and started firing it at me. I opened the RV door as fast as I could and started running towards the neighbor[']s RV. As he continued to fire at me, I hid behind my neighbor's car and knocked on her door for her to let me in. She opened the door and let me inside until the police arrived.

The narrative section of A.G.'s affidavit concluded with statements that Appellant is "hostile, dangerous, and proven to be capable of trying to kill me. He has multiple firearms and is not afraid to use them to hurt me. Our children are in danger when he is around because of his unstable state."

When the trial court heard the application in November 2022, A.G. testified she no longer wished to seek a protective order. After the hearing, the trial court granted a lifetime protective order in favor of A.G. This appeal followed.

**Analysis**

By his first issue, Appellant asserts the protective order is void because the State lacks standing to proceed contrary to A.G.'s wishes. "Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case." *M.D. Anderson Cancer Ctr. v. Novak,* 52 S.W.3d 704, 708 (Tex. 2001). This is a question we review de novo. *Mahrou v. White,* No. 03-22-00058-CV, 2023 Tex. App. LEXIS 5830, at *15 (Tex. App.—Austin Aug. 4, 2023, no pet. h.) (mem. op.).

2

"Standing focuses on the question of who may bring an action." *Novak*, 52 S.W.3d 704, 708 (Tex. 2001) (quoting *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex.1998)). Article I, Section 30 of the Texas Constitution expressly gives the State, via the prosecuting attorney, "the right to enforce the rights of crime victims." TEX. CONST. art. I, § 30. One reason for this power should be straightforward: If the State's ability to enforce the rights of victims depended on ongoing consent, individuals could avoid prosecution for their crimes simply by killing victims or otherwise discouraging participation.

Standing, of course, may also be conferred by statute. *Farkas v. Nationstar Mortg., LLC,* No. 05-19-01024-CV, 2021 Tex. App. LEXIS 4966, at *4 (Tex. App.—Dallas June 22, 2021, no pet.) (mem. op.). Determining standing in these cases turns on the language of the statute. *Tex. Ass'n of Bus. v. City of Austin, Tex.*, 565 S.W.3d 425, 433 (Tex. App.—Austin 2018, pet. denied). When a statute confers standing, we dispense with the judge-made rules for determining whether a party possesses standing. *Id.* Under the Texas Family Code, a prosecuting attorney has standing to file an application for a protective order for the protection a person alleged to be a victim of family violence. TEX. FAM. CODE ANN. § 82.002(d)(1).

Given these powers, we find no merit to Appellant's complaint that the State lacked standing or that the trial court lacked subject-matter jurisdiction to render an order for A.G.'s protection. The Third Court of Appeals has reached a similar conclusion under Family Code section 82.002(c), which permits "any adult" to apply for a protective order to protect a child from family violence. *See B.C. v. Rhodes ex rel. T.L.R.,* 116 S.W.3d 878, 882–83 (Tex. App.—Austin 2003, no pet.). Because the prosecuting attorney

3

possessed standing, the trial court did not lack subject-matter jurisdiction to issue the protective order notwithstanding A.G.'s change of position.

In his second issue, Appellant similarly argues the trial court abused its discretion and reversibly erred by allowing the State to proceed against A.G.'s articulated wishes because "[t]here is no statute or case law that has created or conferred standing to the State to serve as the applicant in an application for protective order." For the reasons set forth above, we disagree. To the extent Appellant is attempting to argue the State cannot proceed when A.G. no longer desires a right to do so, we hold that it is Appellant who lacks standing. *See Herrera v. State,* 24 S.W.3d 844, 845 (Tex. App.—El Paso 2000, no pet.) (citing Art. I sec. 30). Finally, Appellant's issue also suggests the State was not authorized to "represent" A.G. once she testified she no longer wished to seek a protective order. The record does not reflect the prosecutor is representing A.G. in an attorney-client relationship. But even so, Appellant's complaint would go to the prosecutor's *authority* to proceed, requiring Appellant to preserve the issue by timely notifying the trial court and obtaining an adverse ruling. Tex. R. Civ. P. 12, 33.1(a); *In re Fifty-One Gambling Devices*, 298 S.W.3d 768, 779 (Tex. App.—Amarillo 2009, pet. denied) (holding appellant waived appellate review). He failed to preserve this argument.

Appellant's first and second issues are overruled.

## Conclusion

Having overruled Appellant's two issues, we affirm the trial court's protective order.

Lawrence M. Doss
Justice

4